**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles Stewart SCARDINO, Defendant-
Appellant.**

**No. 27171.**

United States Court of Appeals
Fifth Circuit.

Aug. 14, 1969.

Paul C. Myers, Atlanta, Ga., for appellant.

Allen L. Chancey, Jr., Acting U. S. Atty., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and MEHRTENS, District Judge.

COLEMAN, Circuit Judge:

On April 4, 1966 Charles Stewart Scardino was indicted in the Northern District of Georgia for the sale of 156.2 grams of marihuana in violation of § 4742(a), and for the acquisition of the marihuana without, as a transferee, paying the tax required by § 4741(a), in violation of § 4744(a) Title 26, United States Code. On May 6, represented by counsel, a plea of not guilty was entered. On July 18 the plea of not guilty was withdrawn and a plea of guilty was entered to Count 2. Count 1 was dismissed (July 26). On July 18 Judge Sidney Smith entered judgment, *inter alia*, "It is adjudged that the imposition of sentence on the said defendant be, and the same is hereby suspended until the further order of the Court, and that he be

placed upon probation for the period of three (3) years."

On June 7, 1968 Scardino went to Arizona and from there to California without the permission of his parole officer, which was a violation of the terms of his probation. On September 14, 1968, he was arrested in California and entered a plea of guilty to battery. He was sentenced to serve thirty days but since he had already been in jail for thirty eight days the sentence was suspended.

On December 3, 1968 a motion was filed to revoke probation. The hearing was held before Judge Albert Henderson on December 20. The defendant was in custody and was represented by counsel of his own selection. That same day Scardino filed a motion to vacate and set aside his conviction, 28 U.S.C. § 2255, on the ground that §§ 4741(a) and 4744(a) of Title 26 were unconstitutional since the possession of marihuana is a felony in Georgia [Ga.Code, § 42–803].

Judge Henderson revoked probation and sentenced Scardino to the custody of the Attorney General for two years. Scardino has appealed both the revocation of probation and the denial of his § 2255 motion to vacate.

The appeal was argued before this Court in Atlanta on May 27, 1969.

When the hearing opened before Judge Henderson, Counsel for Scardino called attention to the § 2255 motion and explicitly stated that he was relying on the decisions of the Supreme Court in the *Marchetti* and *Grosso* cases[1] for the proposition that §§ 4741(a) and 4744(a) were, by the same reasoning, unconstitutional. The government pointed out that this Court had upheld these statutes in Leary v. United States, decided September 29, 1967, 383 F.2d 851. Counsel for Scardino stated that if stare decisis had any meaning the Supreme Court, in the light of *Marchetti* and *Grosso*, would

1. Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, January 29, 1968; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, January 29, 1968. See also Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (Another case in which the Judgment of the Fifth Circuit was reversed).

have no alternative but to reverse *Leary*. Counsel asked the Court to defer action until the Supreme Court decided *Leary*, which was then on certiorari.[2] The Court stated that until the Fifth Circuit was reversed he was bound by its decision and added, "If the Supreme Court reverse that, then we will have to do some reversing". He proceeded with the hearing, with the results already indicated.

On May 19, 1969 the Supreme Court did reverse the Fifth Circuit and invalidated the statutes here in question, Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57.

Counsel for the government argues here that the Supreme Court has given no retrospective application to *Leary*, which is true; that Scardino pleaded guilty without challenging the validity of §§ 4741(a) and 4744(a), that he thus waived the point; and the sentence should stand.

The issue, however, is not that simple. We are now confronted with the matter of committing a man to prison on a charge which is constitutionally invalid. The Judgment of July 18, 1966 suspended the imposition of sentence *until further order of the court*. The order imposing that sentence has not been executed pending the outcome of this appeal. When Scardino pleaded guilty Judge Smith did not consider that the imposition of a prison sentence was then warranted. Finally, Judge Henderson indicated, as above, that he was imposing sentence because he was bound by our decision in *Leary*, later reversed. In any event, he did not use the practice often applied in this Court of suspending action on cases involving issues pending decision in the Supreme Court.

Aside from the discretion to defer judgment pending the decision of an issue on which certiorari has been granted, the District Court was clearly right in applying existing law. But the law has been changed before the case reached us on appeal.

■ The principles announced by the Supreme Court in the *Leary* case, supra, are to be given prospective application. It, therefore, affords no relief to those who were finally convicted and had exhausted the direct appellate process prior to May 19, 1969.

■ The principles announced in a case of prospective application, however, are to be applied to convictions which were not final when the Supreme Court decision was rendered, O'Connor v. Ohio, 385 U.S. 92, 87 S.Ct. 252, 17 L.Ed.2d 189 (1966).

■ A federal appellate court is bound to consider any change, either in fact or in law, which has supervened since the entry of the judgment appealed from, 28 U.S.C.A. § 2106, Bell v. State of Maryland, 378 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822 (1964).[3]

■ It is true the Scardino's conviction was final when he entered his plea of guilty in 1966. His sentence, however, was not final. None was imposed. It was suspended pending the further order of the court. That further order is the subject of this appeal. We can only conclude that in this posture of the case to require Scardino now to go to prison for two years would be patently unconstitutional.

Scardino's failure to plead unconstitutional self incrimination in 1966 makes no difference, see the decision of the

2. Certiorari was granted June 10, 1968, 392 U.S. 903, 88 S.Ct. 2058, 20 L.Ed.2d 1362.

3. See, also Dorchy v. Kansas, 264 U.S. 286, 44 S.Ct. 323, 68 L.Ed. 686 (1924); Ziffren, Inc. v. United States, 318 U.S. 73, 63 S.Ct. 456, 87 L.Ed. 621, rehearing denied 318 U.S. 800, 63 S.Ct. 757, 87 L.Ed. 1163 (1943); Ashcraft v. Tennessee, 322 U.S. 143, 64 S.Ct. 921, 88 L.Ed. 1192 (1964); Pearson v. United States, 5 Cir., 1968, 389 F.2d 684; McCloskey & Company v. Eckart, 5 Cir., 1947, 164 F.2d 257.

Supreme Court in Leary v. United States, supra.

The Judgment of the District Court is reversed and remanded, with directions that the indictment be dismissed.