**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Stephen Allen KLEINMAN, Defendant-Appellant.**

**No. 26040**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 1, 1970.

———◆———

Stephen Allen Kleinman, pro se.

Richard Booth, Miami, Fla. (Ct. Apptd.), for appellant.

Robert W. Rust, U. S. Atty., Miami, Fla., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F. 2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

Kleinman was indicted in a single count for failing to pay the transfer tax on two pounds of marihuana in violation of Title 26, U.S.C., Section 4744(a) (1). His motion to suppress the evidence was denied, and thereafter during the progress of a non-jury trial he withdrew his plea of not guilty and entered a plea of guilty. He was sentenced [1] to five years confinement under Title 18, U.S.C., Section 4208(a) (2).

Upon appeal by new counsel appointed by the court, the *Leary* declared Fifth Amendment right against self-incrimination was asserted for the first time. His appeal was pending in this Court at the time of the *Leary* decision.

■ We held in United States v. Scardino, 5 Cir. 1969, 414 F.2d 925, that *Leary* is to be applied only prospectively, but that it would be applied to *Scardino* whose sentence for violation of Section 4744(a) was not yet final because it was the subject of that direct appeal. We reversed and remanded for dismissal of the indictment even though *Scardino* did not assert the self-incrimination defense prior to pleading guilty, but did so just prior to being sentenced in December 1968, after revocation of probation. *Scardino* applies here. The judgment below is reversed and remanded with directions to dismiss the indictment.

Reversed and remanded.

—————

[1]. On January 12, 1968, prior to the decision of the Supreme Court in Leary v.

United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57.