UNITED STATES of America,
Plaintiff-Appellee,

v.

Alfredo Reyes PRUNEDA, Defendant-
Appellant.

No. 26994

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 5, 1970.

J. G. Hornberger, Laredo, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Attorney, James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Alfredo Reyes Pruneda was charged on a four count indictment arising from the alleged importation of forty-three and one-half pounds of marihuana from Mexico into the United States. Count one charged a conspiracy to smuggle, transport, and conceal marihuana in violation of 21 U.S.C. § 176a. The second and third counts charged the substantive offenses of smuggling the marihuana, and transporting and concealing it with knowledge that it had been unlawfully imported, both in viola-

tion of 21 U.S.C. § 176a. The fourth count charged a failure to pay the transfer tax in violation of 26 U.S.C. § 4744 (a) (2). A jury found Pruneda guilty on the first three counts, the fourth count having been withdrawn from their consideration. He was given concurrent sentences of twenty years imprisonment on each of the three counts. Pruneda appeals contending that the district court erred in: (1) denying his plea to the jurisdiction; (2) denying a motion for a continuance; (3) denying, as not timely filed, his motion to strike the jury panel; (4) admitting certain testimonial evidence alleged to be hearsay; and (5) in not permitting him to present evidence to the jury regarding his plea to the jurisdiction.[1] After reviewing the record we are convinced that these contentions are without merit.

▆ Since Pruneda's conviction, the Supreme Court has decided Leary v. United States.[2] In a supplemental brief requested by this court, Pruneda contends that Leary requires the reversal of his conviction. In that case, the Court dealt with the two marihuana statutes charged in Pruneda's indictment. It held that a timely assertion of the privilege against self-incrimination provides a complete defense to prosecution under § 4744(a) (2). However, the charge against Pruneda under this section was withdrawn. As to § 176a the Court held the presumption contained in that section, insofar as it authorized an inference of knowledge of illegal importation from bare possession, was unconstitutional. We do not interpret *Leary* to forbid prosecution under § 176a, or to invalidate convictions had under that section without the use of the defective presumption.

In the present case, Pruneda was convicted on the testimony of two co-conspirators, without the aid of any presumption. Indeed, Pruneda remained in Mexico during the time of the charged offenses, and was not shown to have possessed marihuana in the United States.[3]

The judgment of the district court is affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

2. 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), rev'g, 383 F.2d 851 (5th Cir. 1967).

3. Pruneda states in his supplemental brief: The defendant did not make the delivery but apparently the jury believed that the defendant had caused the marihuana to be smuggled and delivered.
See 18 U.S.C. § 2(b).