Frederico **MEDINA**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 27047

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 10, 1970.

Robert Welch, Jr. (Ct. Apptd.), Houston, Tex., for appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Frederico Medina, having waived his right to a jury, was tried by the District Court on a three-count indictment. Count one charged that Medina had knowingly smuggled marihuana into the United States in violation of 21 U.S.C. § 176a. Count two charged that he had knowingly transported and facilitated the transportation and concealment of marihuana that had been illegally brought into the United States with knowledge that it had been illegally brought in, all again in violation of section 176a. Count three alleged that Medina was a transferee of marihuana and had knowingly transported, concealed, and facilitated the transportation and concealment of marihuana without having paid the transfer tax imposed by the Marihuana Tax Act, 26 U.S.C. § 4741 et seq., thereby violating 26 U.S.C. § 4744(a) (2). The District Court convicted Medina on counts two and three and acquitted him on count one. On March 25, 1968, sentence was imposed.

In Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), the Supreme Court dealt with the two marihuana statutes charged in Medina's indictment. It held that the privilege against self-incrimination provides a complete defense to prosecution under section 4744(a) (2). It also held,

with respect to section 176a, that the presumption contained in that section, insofar as it authorizes an inference of knowledge of illegal importation from bare possession, was unconstitutional. See also United States v. Pruneda, 5 Cir., 1970, 425 F.2d 1289. We held in United States v. Scardino, 5 Cir., 1969, 414 F.2d 925, that Leary would be applied to cases on direct appeal when that case was decided. Thus Leary applies here. E. g., United States v. Goldberg, 5 Cir., 1970, 426 F.2d 285.

With respect to the conviction on the section 4744(a) (2) count (count three), Leary requires that we reverse the judgment of the District Court and remand with instructions that this count be dismissed. E. g., United States v. Kleinman, 5 Cir., 1970, 425 F.2d 316; United States v. Meadows, 5 Cir., 1969, 415 F.2d 475.

With respect to the conviction on the section 176a count (count two), we do not read Leary to forbid prosecution under section 176a or to invalidate convictions obtained under that section without use of the defective knowledge presumption. United States v. Reinosa, 5 Cir., 1970, 427 F.2d 150; United States v. Pruneda, 5 Cir., 1970, 425 F.2d 1289. In this case, however, the Government relied entirely upon the infirm presumption to prove that Medina knew that the marihuana in his possession had been illegally imported. Consequently, the judgment of conviction on count two of the indictment against Medina must be reversed. The record does not show whether the Government has any evidence regarding what Medina knew about the origin of the drug in his possession. We therefore remand the case to the District Court for such further action as may be appropriate with respect to the criminal violation alleged in count two.[1]

Reversed and remanded.

---

1. We have concluded on the merits that this case is of the character that does not justify oral argument. Therefore, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this action in writing. 5 Cir.R. 18.