435 F.2d 144
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Frederick HOLSTEIN and Richard Lee Wolfe,
Defendants-Appellants.
 No. 28893 Summary Calendar.*
*(1) Rule 18, 5th Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York, et al., 5th Cir. 1970,
 
 431 F.2d 409, PartI.
 United States Court of Appeals, Fifth Circuit.
 Dec. 9, 1970, Rehearing Denied Dec. 22, 1970.
 Thomas G. Sharpe, Jr. (court appointed), Brownsville, Tex., Henry R. Carr, Miami, Fla., for defendants-appellants.
 Anthony J. P. Farris, U.S. Atty., Houston, Tex., for plaintiff-appellee.
 Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit judges.
 PER CURIAM:
 
 
 1
 Appellants Richard Frederick Holstein and Richard Lee Wolfe were indicted on four counts involving the illegal importation of marijuana. The indictment charged appellants with the offenses of (1) conspiracy to smuggle, receive, conceal and transport a quantity of marijuana in violation of 21 U.S.C. 176a, (2) with smuggling, and (3) receiving twenty pounds of marijuana in violation of the same statute, and (4) failure to pay the transfer tax in violation of 26 U.S.C. 4744(a)(2).[1]
 
 
 2
 Holstein and Wolfe, having been convicted on the first three counts, received sentences of seven and five years, respectively, on each count, the sentences to run concurrently.
 
 
 3
 The events were charged to have occurred on December 8, 1968, and the government's evidence tended to show the following: United States Customs Agents received information that Juan Alcarez of Matamoros, Mexico, was to consummate a large transaction involving the sale of marijuana. Agents saw Alcarez and appellants drive to the Matamoros residence of Alcarez' sister in a 1968 Oldsmobile. Subsequently codefendant Sergio Quintero arrived in a white 1969 Ford Galaxie and departed shortly thereafter. Appellants and Alcarez then returned to the latter's residence and later that afternoon drove to a parking lot and parked their car. After the trio left the parking lot, their movements were not observed. At 6:15 P.M., appellants arrived in Brownsville at the Gateway International Bridge on foot. After being routinely processed and released by Customs Inspectors, appellants proceeded to the parking lot of an H.E.B. grocery store, where they contacted Quintero in the white 1969 Ford. Quintero and appellants were seen peering into the open trunk of the car. They then drove to Harlingen airport and appellant Holstein removed a suitcase from the trunk. The customs Agents then approached them, but all denied ownership of the suitcase and would not produce a key. The Agents smelled marijuana, opened the suitcase by force, and found twenty pounds of what appeared to be marijuana.
 
 
 4
 Appellants urge the following grounds for reversal: (1) the requirement that contraband be declared at the border violates their privilege against self-incrimination; (2) that the evidence was insufficient to prove that the marijuana was smuggled. Under their first point appellants assert that the invoicing procedures required by 176a are violative of the Fifth Amendment privilege against compulsory self-incrimination. They argue that compliance with the 'invoice' procedure renders the possession public and invites Texas authorities to prosecute for possession. Appellants urge that Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), requires a reevaluation of previous decisions of this court dealing with this issue. We find no merit in this contention, as it has been disposed of by this court in Walden v. United States, 417 F.2d 698 (5th Cir. 1969). Appellants' heavy reliance on Leary is unavailing. United States v. Candanoza, 431 F.2d 421 (5th Cir. 1970); United States v. Hudson, et al., 431 F.2d 468 (5th Cir. 1970).
 
 
 5
 Appellants next contend that the evidence of smuggling, unaided by the presumption struck down in Leary, is insufficient to support the verdict. Our perusal of the record indicates that there was ample circumstantial evidence from which the jury could have inferred guilt. Testimony revealed that appellants came from Florida and sought out Alcarez, a known dealer in marijuana, who arranged for the delivery of the contraband by his agent to appellants on the American side of the border. The Leary case does not forbid prosecution under 176a, nor invalidate convictions had without the use of the defective presumption. In the instant case there was ample direct and circumstantial evidence from which the jury could exclude every reasonable hypothesis but that of guilt and thus convict appellants without the aid of the presumption. See United States v. Pruneda, 425 F.2d 1289 (5th Cir. 1970).
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The fourth count was withdrawn from consideration by the jury