**Harry Walter McCUTCHEON, Petitioner-Appellant,**

**v.**

**Dr. George BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 71–2421**
**Summary Calendar.\***

United States Court of Appeals,

Fifth Circuit.
Feb. 2, 1972.

Harry H. Walsh, Staff Counsel, Texas Dept. of Corrections, Huntsville, Tex. for petitioner-appellant.

---

\* ▮ Rule 18, 5 Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Crawford C. Martin, Atty. Gen. of Texas, Dunklin Sullivan, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, AINSWORTH and RONEY, Circuit Judges.

PER CURIAM:

 The District Court declined to relieve petitioner of a 1946 Federal conviction for violating then 26 U.S.C.A. § 3224(a), now 26 U.S.C.A. § 4724(a), which is presently serving as the basis of an enhanced Texas sentence for a subsequent state felony offense. The District Court's order of March 4, 1971, denied relief on the theory that the principles announced in Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, Part I, were not to be afforded retroactive recognition, relying on United States v. Scardino, 5 Cir., 1969, 414 F.2d 925. Thereafter, on July 14, 1971, this Court abandoned *Scardino* so far as it related to Part I of Leary, in Harrington v. United States, 5 Cir., 1971, 444 F.2d 1190, which held that Part I of *Leary* must be given full retroactive effect, since a failure to do so would result in punishing conduct which cannot constitutionally be punished. Accordingly, the final order of the District Court in the case at bar must be vacated and remanded for expeditious reconsideration in light of the principles announced in *Harrington, supra,* and *Leary, supra.*

The District Court denied Certificate of Probable Cause to Appeal in this case without assigning any reasons whatsoever. We take this occasion to point out that F.R.A.P. Rule 22(b) specifically requires that if the Certificate of Probable Cause is denied, "the district judge * * * shall * * * state the reasons why such a certificate should not issue."

Vacated and remanded.