**Ex parte Alfred TAYLOR.**

No. 45271.

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

John T. Neal, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and Calvin Botley, Asst. Dist. Attys., Houston, and Jim Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This post conviction application for writ of habeas corpus is brought by an inmate of the Texas Department of Corrections under the provisions of Article 11.07, Vernon's Ann.C.C.P.

His 1961 conviction was for possession of a narcotic drug, to wit: dolophine, with punishment being assessed at life as a result of enhancement under the provisions of Article 63, Vernon's Ann.P.C. The conviction was affirmed by this court and reported in Taylor v. State, 358 S.W.2d 124 (Tex.Cr.App.1962).

Pursuant to the procedure set forth in Ex parte Young, 418 S.W.2d 824 (Tex.Cr. App.1967), petitioner first filed his habeas corpus application in the convicting court, alleging that one of the two prior federal convictions utilized for enhancement was ·void. He contends that his prior 1951 federal conviction for acquiring marihuana without having paid the federal Marihuana Transfer Tax (26 U.S.C. § 2593(a), now 4744(a)(1)) is invalid in light of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

Without an evidentiary hearing, the convicting court denied relief and the petitioner seeks redress in this court.

*Leary* held, inter alia, that the privilege against self-incrimination is a complete defense to a prosecution under 26 U.S.C. § 4744(a)(2).[1] See also United States v.

Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969).

The Court observed that Leary was required to have paid the tax at the time of securing the order form required by Section 4742 (26 U.S.C. § 4741(b)); that he could have obtained the form only by identifying himself as a transferee of marihuana (and as one who had not paid the occupational tax imposed by Sections 4751–52); that if revealed this information would be conveyed to state and local law enforcement officials by virtue of Section 4773, and that all states had laws making possession of marihuana illegal; and concluded that the statutory scheme "compelled petitioner to expose himself to a 'real and appreciable' risk of self-incrimination, within the meaning of our decisions in Marchetti, Grosso, and Haynes. . . ." 395 U.S. at 16, 89 S.Ct. at 1537.

Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), held, in a prosecution for failure to register and pay the occupational tax on wagers (26 U. S.C. §§ 4411–12), the Fifth Amendment was a complete defense, in light of the availability of the wagering taxpayers' lists to state and local prosecutors (26 U.S.C. § 6107) in light of the statutory scheme's concern with a selective "group 'inherently suspect of criminal activities'" and in light of the " 'real and appreciable' " risk of self-incrimination inherent in compliance. 390 U.S. at 48, 88 S.Ct. 702.

The *Marchetti* rationale was applied in Grosso v. United States, 390 U.S. 62, 88

---

1. Leary was convicted of (1) knowingly transporting, concealing, and facilitating the transportation and concealment of marihuana, without paying the transfer tax imposed by the Marihuana Tax Act, 26 U.S.C. § 4741 et seq., thereby violating 26 U.S.C. § 4744(a)(2); and of (2) knowingly transporting and facilitating the transportation and concealment of marihuana which had been illegally imported or brought into the United States; all in violation of 21 U.S.C. § 176a.

On certiorari, the United States Supreme Court reversed outright the conviction under 26 U.S.C. § 4744(a)(2), holding that the self-incrimination privilege is a complete defense. The Court also held that Leary was denied due process by the application of the part of the presumption in 26 U.S.C. § 176a, which authorizes a jury to infer from a defendant's possession of marihuana that he knew of the illegal importation or bringing in, because there was no rational connection between the fact proved and the fact presumed.

S.Ct. 709, 19 L.Ed.2d 906 (1968), where it was held, in a prosecution for nonpayment of the excise tax on proceeds from wagering (26 U.S.C. § 4401), that the Fifth Amendment was a complete defense. Again, in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), the *Marchetti* rationale was applied so as to hold the Fifth Amendment a complete defense to a prosecution under the National Firearms Act for possession of an unregistered weapon (26 U.S.C. §§ 5841, 5851).

■ It is clear that the petitioner Taylor could not now be convicted of the same offense for which he was convicted in 1951 in federal court upon the timely assertion or invocation of the privilege against self-incrimination,[2] and it cannot be questioned that the petitioner may now challenge his sentence imposed under the habitual criminal statute to the extent that it is enhanced by an unconstitutional or void prior conviction. See, e. g., Ex parte Cross, 427 S. W.2d 64 (Tex.Cr.App.1968); Ex parte Auten, 458 S.W.2d 466 (Tex.Cr.App. 1970).

The questions thus posed by petitioner's habeas corpus application are (1) whether the 1969 decision in *Leary* is to be applied retroactively so as to render the prior 1951 federal conviction unconstitutional,[3] and if it is to be applied; (2) whether the petitioner by his post conviction habeas corpus application has timely invoked his Fifth Amendment defense; and (3) whether the fact that petitioner's 1951 conviction was

obtained upon a plea of guilty would constitute a waiver and affect the relief, if any, to be accorded.

Questions two and three are closely related. All, of course, present questions of first impression in this jurisdiction.

The question of *Leary's* retroactivity has been a troublesome one and while a number of lower courts have struggled with the problem, the United States Supreme Court has not directly passed upon the matter.

However, that Court's decision in United States v. United States Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), is of significance. In *Coin and Currency*, the federal government had instituted a forfeiture proceeding to obtain money found in the defendant's possession at the time of his arrest for failing to register as a gambler and to pay the related tax (26 U.S.C. §§ 4411, 4412 and 4901). Concluding that such a forfeiture is analogous to payment of a criminal fine for engaging in illegal activity, the Court determined that *Marchetti* and *Grosso* would apply retrospectively to forfeitures instituted before those decisions.

The Court noted that it was not dealing with the implementation of a procedural rule which does not undermine the basic accuracy of the fact finding process at trial, but that

" . . . *Marchetti* and *Grosso* dealt with the kind of conduct that cannot con-

2. As to waiver of the privilege, see Smedberg v. United States, 448 F.2d 401 (5th Cir. 1971).

3. The initial question concerns only that portion of the *Leary* decision which held that the Fifth Amendment was a complete defense to a prosecution under 26 U.S.C. § 4744(a). *Leary's* other holding invalidating the statutory presumption of knowledge of illegal importation of marihuana from the mere fact of possession violates due process must be distinguished. The retroactivity of this holding is not here decided.

Further, although Leary's conviction was under Section 4744(a)(2) and petitioner Taylor's conviction here in question was for a violation of a forerunner of Section 4744(a)(1) [acquiring marihuana without paying the tax] there does not appear to be any conceivable basis upon which to distinguish these provisions with regard to the so-called *Leary* rule. See United States v. Covington, 395 U.S. 57, 59–60, 89 S.Ct. 1559, 23 L.Ed.2d 94 n. 3 (1969). See also In re Johnson, 3 Cal.3d 404, 90 Cal.Rptr. 569, 475 P.2d 841, 844 n. 1 (Cal.Sup. 1970).

stitutionally be punished in the first instance. . . . "

The Court then added:

". . . [T]he conduct being penalized is constitutionally immune from punishment. No circumstances call more for the invocation of a rule of complete retroactivity." 401 U.S. at 723, 91 S.Ct. at 1046.

Thus, the *Marchetti* and *Grosso* decisions have been given retroactive application and, as the Fifth Circuit Court of Appeals noted, *Leary*, and *Marchetti-Grosso* ". . . are but variations of a single theme . . . ." Harrington v. United States, 444 F.2d 1190, 1192 (5th Cir. 1971).

Further, the Second Circuit Court of Appeals, in United States v. Liguori, 430 F.2d 842 (2nd Cir. 1970), applied the *Leary* rule retroactively and the United States Supreme Court denied certiorari. 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118 (1971).

Drawing upon these and other authorities, the Fifth Circuit Court of Appeals on July 14, 1971 in Harrington v. United States, supra, gave retroactive application to ". . . the first part of *Leary*—i. e., that dealing with the constitutionality of the transfer tax provisions of § 4744— . . . ." Six days later, the Eighth Circuit Court of Appeals in a well-reasoned opinion reached the same conclusion. Scogin v. United States, 446 F.2d 416 (8th Cir. 1971).

In fact, a majority of the courts which have considered the question have held *Leary* retroactive. See, e. g., Stewart v. United States, 446 F.2d 42 (8th Cir. 1971); Santos v. United States, 417 F.2d 340 (7th Cir. 1969) (vacated on other grounds 397 U.S. 46, 90 S.Ct. 811, 25 L.Ed.2d 36); Rowell v. United States, 415 F.2d 300 (8th Cir. 1969) (remanded on other grounds 397 U.S. 662, 90 S.Ct. 1407, 25 L.Ed.2d 642);

Miller v. United States, 311 F.Supp. 705, 709–711 (N.D.Ohio, E.D.1970); United States v. King, 307 F.Supp. 217 (S.D.Cal., S.D.1969) (dictum that *Leary* is retroactive); Lewis v. United States, 314 F.Supp. 851 (D.Alaska 1970). Contra: e. g., Ramseur v. United States, 425 F.2d 413 (6th Cir. 1970) (holding *Leary* is mostly prospective); Barrett v. United States, 300 F.Supp. 1060, 1062 (D.Minn., 4th Div. 1969).

And, in McCutcheon v. Beto, 460 F.2d 1018 (5th Cir. 1972), the petitioner sought to set aside a 1946 federal conviction for violating 26 U.S.C. § 3224(a), which is now 26 U.S.C. § 4724(a), which conviction was serving as the basis of an enhanced Texas sentence for a subsequent state felony offense. The federal district court denied relief relying upon United States v. Scardino, 414 F.2d 925 (5th Cir. 1969), where *Leary* was denied retroactive recognition. In *McCutcheon,* the Court held that *Harrington* had abandoned *Scardino* insofar as it related to "Part I of Leary" and remanded for reconsideration in light of *Harrington* and *Leary.* See also Cachoian v. United States, 452 F.2d 548 (5th Cir. 1971).

The California Supreme Court was confronted with the same question as we are in the case of In re Johnson, 3 Cal.3d 404, 90 Cal.Rptr. 569, 475 P.2d 841 (1970). There, in an exhaustive opinion, the Court, through Justice Peters, concluded that *Leary* was retroactive to the extent that Johnson, who suffered a sentence augmented or enhanced by a prior conviction as to which *Leary* established a complete defense, could attack the prior conviction collaterally.

Without replowing much of the same ground covered by these cited cases, we conclude that *Leary* is to be applied retroactively and the same is applicable to

the prior 1951 federal conviction here in question.[4]

*Leary,* supra, 395 U.S. at 27, 89 S.Ct. 1532, and *Covington,* supra, 395 U.S. at 59, 89 S.Ct. 1559, both indicated the defense must be timely asserted and not waived. The record does not indicate the petitioner invoked such defense, established in 1969, at the time of his 1951 federal trial or at the time of his 1961 state trial which resulted in the sentence he is currently serving. He raises such defense initially in this post conviction proceeding.

The question is not new. In United States v. Liguori, supra, where the defense was raised in a post conviction Section 2255 motion (28 U.S.C. § 2255), the Court wrote:

"It would seem that the Supreme Court's requirement that the privilege be timely asserted was primarily designed to insure that in future cases the accused will assert his defense of the privilege before time and resources are wasted on a trial. We cannot conclude that the purpose of the timeliness requirement would be served by holding that Liguori's assertion of the privilege was untimely, when at the time of his conviction, the *Leary* defense had not been established by the Supreme Court. . . ." 430 F.2d at 848.

The Court concluded that *Liguori* should not ". . . be faulted for failing to anticipate the action of the Supreme Court. . . ." 430 F.2d at 847.

Scogin v. United States, supra, reached the same result. There, the Court said:

"We think it only just that if *Leary* and *Covington* are to be given a retroactive effect, a § 2255 motion filed subsequent to those decisions should be regarded as a timely assertion of the defense. . . ." 446 F.2d at 419.

See also Harrington v. United States, supra; In re Johnson, supra.

▮ We, likewise, hold that petitioner has timely asserted his claim and defense under the circumstances presented.

We are still confronted, however, with the question of whether the petitioner, although not to be faulted for not having raised the question sooner, may have actually waived the defense to which he was entitled by virtue of his guilty plea entered in his 1951 federal trial.

This is so because federal courts have generally considered a guilty plea as waiving all non-jurisdictional defects and defenses up to that point. See, e. g., Boyd v. Smith, 435 F.2d 153 (5th Cir. 1970); Askew v. Alabama, 398 F.2d 825 (5th Cir.

---

4. It is here noted that our able State's Attorney in a supplemental brief agrees with this conclusion.

Further, it should be observed that the California Court, in Johnson, wrote:

". . . By establishing a complete defense to prosecutions under the relevant statutes—precisely the legal effect of decisions declaring statutes unconstitutional per se—*Leary* has held, in essence, that persons who make a timely assertion of the Fifth Amendment as a defense are innocent as a matter of law. . . . If . . . a conviction may be collaterally attacked because it is based on an unconstitutional statute, there is no reason to forbid such attacks when convictions are based upon statutes as to which the Constitution affords a complete defense." 90 Cal.Rptr. at 576–577, 475 P.2d at 848–849.

Concurring in United States v. Liguori, supra, Chief Judge Lumbard was concerned with the same matter. He wrote:

". . . I would have little hesitation in arriving at the result we reach today if *Leary, supra,* had simply declared 26 U.S.C. § 4744(a) to be unconstitutional, in which case Liguori would have entered a plea to a count which did not charge a crime. Although the statute has been significantly emasculated, it is not completely void. As the majority notes, a corporation could still be convicted under the statute, and the privilege can be knowingly and intelligently waived. As a result, Section 4744(a) retains a certain value in a plea bargaining situation. See footnote 2, majority opinion. It is this point regarding plea arrangement that I find most troublesome." 430 F.2d at 850–851.

1968); Busby v. Holman, 356 F.2d 75 (5th Cir. 1966). However, Johnson v. Zerbst, 304 U.S. 458, 469, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), teaches that waiver of a constitutional right "is ordinarily an intentional relinquishment or abandonment of a *known right* . . . ." (Emphasis supplied). In the instant case, there was no intentional knowing waiver, because at the time petitioner pled guilty in 1951 in federal court and even when he was tried in state court in 1961, he did not know nor could he reasonably be expected to anticipate that invocation of the self-incrimination defense would bar conviction and punishment under what is now 26 U.S.C. § 4744(a). See United States v. Liguori, supra; Scogin v. United States, supra. *Cf.* Meadows v. United States, 420 F.2d 795 (9th Cir. 1969) cert. denied 402 U.S. 948, 91 S.Ct. 1607, 29 L.Ed.2d 118 (1971) (holding *Haynes* retroactive); United States v. Lucia, 416 F.2d 920 (5th Cir. 1969) cert. denied 402 U.S. 943, 91 S.Ct. 1607, 29 L. Ed.2d 111 (1971) (holding *Marchetti* and *Grosso* retroactive).

One further facet of the question remains. Brady v. United States, 397 U.S. 742, 759, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); McMann v. Richardson, 397 U.S. 759, 771–774, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), and Parker v. North Carolina, 397 U.S. 790, 795–796, 90 S.Ct. 1458, 25 L.Ed. 2d 785 (1970), held that a voluntary guilty plea, made in the light of the law applicable at the time it was entered, does not become vulnerable to attack because later judicial decisions indicate that the choice to plead guilty rested upon a faulty premise.

The effect, upon the question of waiver here under consideration, of the holdings in this trilogy has been considered by In re Johnson, supra; United States v. Liguori, supra; Scogin v. United States, supra, and United States v. Broadus, 146 U.S.App.D. C. 178, 450 F.2d 639 (1971).

None of these cases deemed *Brady, McMann* and *Parker* as controlling, and we concur in the reasoning of these cases.

Further, as noted in *Liguori,* there is no governmental interest in punishing a person for a violation of a statute where compliance with the law would require one to incriminate himself.

And, as stated in *Scogin,*

". . . we are convinced that to allow one to continue to be penalized for conduct which is now constitutionally immune from punishment would contravene basic concepts of justice and fairness." 446 F.2d at 420

See also Harrington v. United States, supra.

Petitioner is entitled to the relief he seeks.

The judgment here cannot be sustained under Article 62, Vernon's Ann.P. C., since the second prior conviction alleged for enhancement was a federal conviction for forgery. Such offense is not a like or similar offense to the primary offense of unlawful possession of a narcotic drug, to wit: dolophine.

If petitioner had credit sufficient to satisfy the maximum term to which he could have been legally sentenced under the indictment, he would be entitled to outright release. Ex parte Gregg, 427 S.W.2d 66 (Tex.Cr.App.1968), and cases there cited.

Petitioner has not served the maximum term to which he could have been legally sentenced under the indictment for the primary offense of unlawful possession of a narcotic drug. See Article 725b § 23, Vernon's Ann.P.C.

While he is entitled to release from further confinement under the void sentence attacked, he must be delivered to the custody of the Sheriff of Harris County to answer the indictment in Cause No. 97640 in the Criminal District Court No. 5 of Harris County. See Ex parte Gregg, supra; Ex parte Cross, supra.

It is so ordered.