**Ex parte Alfred LOPEZ.**

**No. 46642.**

Court of Criminal Appeals of Texas.

March 14, 1973.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Relator was convicted in 1961 as an habitual criminal for possession of heroin and assessed a life sentence, Lopez v. State, 171 Tex.Cr.R. 672, 352 S.W.2d 747 (1961), and has been continuously confined since March 2, 1961.

Two of the three prior convictions alleged in the indictment and used for enhancement in his trial (No. 9331 and No. 9712)

were in United States District Courts for possession "of marihuana without having paid the transfer tax as required by said Act," the Act being Sec. 2593(a), Title 26, of the United States Code. These were in 1945 and 1947.

■ Each of those two convictions is void because they are based upon a void and unconstitutional statute which required a defendant to incriminate himself in violation of his constitutional right against self-incrimination under the Fifth Amendment to the United States Constitution. Leary v. United States, 395 U.S. 6, 84 S.Ct. 1532, 23 L.Ed.2d 57. Ex parte Taylor, Tex. Cr.App., 484 S.W.2d 748.

In the 1970 case In re Johnson, 3 Cal.3d 404, 90 Cal.Rptr. 569, 475 P.2d 841, the Supreme Court of California said:

> "Thus we have concluded that Leary v. United States, supra, 395 U.S. 6, 84 S.Ct. 1532 [23 L.Ed.2d 57], is retroactive to the extent that a petitioner suffering a sentence augmented by a prior conviction as to which Leary established a complete defense may attack that prior conviction collaterally, and that the right to such an attack is not waived either by a failure to assert the defense against self-incrimination or by a guilty plea prior to the decision in that case." See Ex parte Taylor, supra.

■ The third conviction used was No. 13,962 in the United States District Court for the Southern District of Texas, in which the relator was convicted of unlawfully importing a narcotic drug, a felony, by judgment dated February 21, 1952.

In this latter case, the two prior convictions above referred to were used to enhance punishment and the relator was sentenced to ten years, the mandatory minimum.

Since the 1945 and 1947 cases were void under Leary, supra, their use in the 1952 trial for enhancement rendered that con-

viction also void. Ex parte Taylor, supra; Ex parte Cross, Tex.Cr.App., 427 S.W.2d 64; Ex parte Auten, Tex.Cr.App., 458 S.W.2d 466; Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374; Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319.

For the reasons stated, we hold that relator's conviction was void, order the writ of habeas corpus issued, and that relator be discharged from the custody of respondent and remanded to the custody of the sheriff of Harris County to stand trial on the offense alleged in the indictment.

Opinion approved by the Court.