**Antonio RODRIQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46247.**

Court of Criminal Appeals of Texas.

June 13, 1973.

Malcolm Dade (Court appointed on appeal), Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Conviction is for the sale of heroin; the punishment, 85 years.

The sufficiency of the evidence is not challenged. The evidence showed that appellant sold ten capsules of heroin to Sam J. Roberts, an agent of the Bureau of Narcotics and Dangerous Drugs, for $70, on January 29, 1969. The chain of custody of the capsules was established; the chemist, Charles Pyles, testified that he analyzed the capsules and that they contained 5.7% heroin.

Appellant testified at the guilt-innocence stage of the trial, denied the sale, and, in response to questions by his own counsel, said that he had been convicted in United States District Court in Dallas of the sale of marihuana in 1962, for which he was sentenced to serve five years. At the punishment stage of the trial, the State, specifically with "no objection" from appellant, put in evidence the indictment, judgment, and sentence in the 1962 Federal conviction which showed that Rodriquez pleaded guilty. Such conviction was used in argument by the prosecution, at both stages of the trial, again, without objection.

In his pro se brief, appellant asserts that the trial court erred in permitting the Federal convictions to be introduced in evidence. These convictions resulted from a two count indictment in the District Court of the United States at Dallas, dated May 24, 1962, charging him with violations of 21 U.S.C. § 176a and Section 4742 of the Internal Revenue Code of 1954, 26 U.S.C. § 4742. He does not point out specifically upon what grounds he claims these convictions should have been excluded, but apparently relies solely upon Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed. 2d 57.

We have concluded that Leary is not applicable and his reliance thereon is misplaced.

The two 1962 Federal convictions of the appellant and their relationship to Leary, supra, if any, will be considered separately.

The first portion of the judgment dated June 13, 1962, recites that the defendant, Antonio Rodriquez, has been found guilty upon his plea of guilty of violation of 21 U.S.C., Section 176a. This

statute prior to its repeal in 1970 [1] provided insofar as is here relevant that a criminal penalty shall be imposed upon any person who:

"knowingly, with intent to defraud the United States, imports or brings into the United States marijuana contrary to law . . ., or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marijuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law . . ."

A subsequent paragraph establishes the following presumption:

"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marijuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."

This statute, and the validity of convictions under it, has not heretofore been considered by this Court. Our previous decisions in Ex Parte Taylor, Tex.Cr.App., 484 S.W.2d 748; Ex Parte Lopez, Tex.Cr.App., 491 S.W.2d 420; and Bedell v. State, Tex.Cr.App., 492 S.W.2d 555, dealt with convictions under 26 U.S.C., Sec. 4741(a)(2) and 26 U.S.C. Sec. 4744(a)(1) which were held in the Leary decision, supra, to be constitutionally infirm. These statutes are not here involved.

In *Leary,* supra, the defendant had also been convicted under a second count of violation of the abovementioned 21 U.S.C., Sec. 176a for "knowingly transporting and facilitating the transportation and concealment of marihuana which had been illegally imported or brought into the United States, with knowledge that it had been illegally imported or brought in." The Supreme Court, in voiding this conviction, said that the statutory presumption of "knowledge" of illegal importation contained in the second paragraph of the statute was void as violative of due process of law in that there was no "rational connection between the fact proved and the fact presumed."

We conclude that the court's decision in *Leary* did not invalidate the statute as a whole. Walden v. United States, 5 Cir., 417 F.2d 698; United States v. Brooks, 5 Cir., 416 F.2d 459. Rather, it merely struck down the presumptive part of the statute which entitled the jury to infer that an accused knew of the marihuana's illegal importation. Mejia v. United States, 5 Cir., 430 F.2d 1273; Yohey v. United States, 5 Cir., 429 F.2d 1279; Davie v. United States, 7 Cir., 447 F.2d 480.

"The Leary decision does not completely bar prosecution under 176a; it merely puts the government to a more rigorous proof." Davie v. United States, supra.

It is clear that the presumption of "knowledge" of illegal importation was not employed in appellant's 1962 trial since his conviction was based upon a plea of guilty. Therefore, Leary, supra, is patently inapplicable. Mejia v. United States, supra; Ochoa v. United States, 5 Cir., 469 F.2d 86.

The appellant's guilty plea under these circumstances must be distinguished from those in cases such as Ex parte Taylor, Tex.Cr.App., 484 S.W.2d 748, and United States v. Liguori, 2 Cir., 430 F.2d 842, wherein a defendant's timely assertion of the Fifth Amendment right against self-incrimination would have been a complete bar to prosecution under 26 U.S.C. § 4744(a).

It is apparent that in those cases the defendants therein would not have plead guilty had they known that a timely assertion of their Fifth Amendment privilege would be a complete defense to the charge under the holdings of Leary, supra.

---

1. Repealed. Pub.L. 91–513, Title III, Section 1101(a)(2), (9), Oct. 27, 1970, 84 Stat. 1291, 1292.

Here, however, an assertion of the invalidity of the presumption contained in 176a, supra, as being violative of due process, would not have been a complete defense but would have merely required the government to prove that appellant had "knowledge" of the fact that the marihuana had been imported. Had appellant known of the subsequent Leary decision at the time of his Federal trial in 1962, it cannot be said that he would not have pleaded guilty. It could well be that the government had adequate proof of his "knowledge" of the fact that the marihuana was imported with the result that appellant might well have chosen to plead guilty in hopes of gaining some benefit therefrom. Davie v. United States, supra.

We hold that appellant's conviction under 21 U.S.C., Sec. 176a, was valid and thus admissible in the case at bar.

■ Appellant, under his first ground of error, further contends that his conviction under 26 U.S.C., Sec. 4742(a), emanating from the same trial in Federal district court in 1962, is likewise void and inadmissible in the trial of this cause under the Leary decision. More specifically, his allegation appears to be that this statute, like 26 U.S.C., Sec. 4741 and Sec. 4744(a)(1) (the statutes declared to violate a defendant's Fifth Amendment rights in Leary), is void in that they require a defendant to incriminate himself in violation of the Fifth Amendment to the United States Constitution.

26 U.S.C., Sec. 4742(a) provides:

"It shall be unlawful for any person, whether or not required to pay a special tax and register under sections 4751° to 4753, inclusive, to transfer marihuana except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate."

The contention put forth by appellant was previously considered in the case of Buie v. United States, 90 S.Ct. 284, 396 U.S. 87, 24 L.Ed.2d 283, wherein the United States Supreme Court upheld this statute as not violative of an accused's Fifth Amendment rights.

In that decision, the court distinguished the situation of a marihuana purchaser, such as in *Leary*, and that of a seller such as this appellant.

To fully understand the operation of 26 U.S.C., Sec. 4742(a), some background explanation of the total scheme of legislation is necessary.

As pointed out in *Buie,* supra, the Marihuana Tax Act, 26 U.S.C., Secs. 4751–4753[2] provided that any person who sells, deals in, dispenses, or gives away marihuana must register with the Internal Revenue Service and pay a special occupation tax. It further provided that a tax would be imposed on each transfer of marihuana to be paid for by the transferee at the time he acquired the special form required by Sec. 4741. Sec. 4742, quoted above, prohibited sales of marihuana to a buyer who did not have the proper form. Subsection c of the statute required that the form have the names and addresses of both the seller and buyer shown on it. Further, Sec. 4742 required the form to be in triplicate with one copy being kept in the files of the Internal Revenue Service, one copy for the buyer's files, and the original delivered to the seller. All of these documents were subject to inspection by law enforcement authorities under Sec. 4742(d) and Sec. 4773.

In *Buie,* supra, the petitioner alleged that the requirement that he sell only to a purchaser who had the required form which contained his name and address violated his constitutional right not to incriminate himself. The Supreme Court rejected this contention on the grounds that "there is no real and substantial possibility that Buie's purchaser, or purchasers generally,

---

2. Repealed. Pub.L. 91–513, Title III, Sec. 1101(b)(3)(A) Oct. 27, 1970, 84 Stat. 1292.

would be willing to comply with the order form requirement even if their seller insisted on selling only pursuant to the form prescribed by law." Buie v. United States, supra. The court distinguished the decision in Leary by pointing out that, there, the statutes purported to make the purchase of marihuana legal if only the buyer would incriminate himself whereas in Buie's case, being a seller, the possibility of making a legal sale of marihuana was foreclosed on the buyer's refusal to secure the form. Thus, since it was improbable that any buyer would produce the required form, there was little possibility that the seller could be incriminated.

Justice White speaking for the Supreme Court in *Buie* stated:

"It would have been no answer in Leary to suggest that the buyer avoid his dilemma by not buying. See Marchetti v. United States, 390 U.S. 39, 51–52, 88 S. Ct. 697, 704, 19 L.Ed.2d 889. But the buyer in Leary, unlike the seller here, was presented with the possibility of both purchasing and complying with the federal law, if he would only incriminate himself. In the present case, *compliance by selling is foreclosed as a viable option, not because the seller might incriminate himself, but because the buyer refused to meet a specified condition.* Nothing in the Fifth Amendment prevents Congress from restricting a seller's market to specified classes of duly licensed buyers. And although the buyer's refusal to comply with the Act's requirements may stem from his fear of incrimination, the buyer's personal privilege cannot be raised by the seller as an excuse for evading the clear statutory requirement. See George Campbell Painting Corp. v. Reid, 392 U.S. 286, 88 S.Ct. 1978, 20 L.Ed.2d 1094 (1968); Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951)."

For the reasons stated above, we hold that appellant's conviction under 26 U.S.C.

Sec. 4742, was admissible. Appellant's first ground of error is overruled.

Since we have held that the appellant had no Fifth Amendment privilege to assert, we find it unnecessary to consider whether such privilege would have been waived by failing to raise it until this appeal.

■ Appellant, through his attorney, asserts as his second ground of error that the trial court erred in improperly admitting into evidence the chemical analysis of the alleged heroin because no proper predicate was laid for its admission. Specifically, appellant complains that since the chemist, Pyles, did not describe the tests he used in determining the substance in the capsules to be heroin, that his testimony regarding the analysis is inadmissible.

The testimony complained of was as follows:

"Q (Prosecutor) Let me ask you if you ran an analysis on those capsules that are contained in State's Exhibit No. 2?

"A (Chemist) Yes, I did.

"Q . . . do you have the results of that analysis here with you?

"A Yes, I do.

"Q Okay. Would you tell the jury what the analysis of those 10 capsules revealed?

"A The analysis showed that each capsule contained heroin.

"Q How much heroin does each capsule or did the total weight contain?

"A The total weight of the material was .865 grams.

"Q And what percentage or weight of that was pure heroin?

"A 5.7 percent heroin."

The chemist's qualifications as an expert and the chain of custody of the capsules is not challenged on this appeal.

Although it would have been preferable for the witness to more fully disclose the basis of his opinion, no reversible error was committed by the trial court in admitting this testimony into evidence.

"In order that the jury may measure the *value* of an expert's opinion, he *should* be asked to state the reasons for his opinion or he should be permitted to do so on his own account." Wharton's

Criminal Evidence, 13th Ed., Sec. 595. Such inadequacy in the expert's testimony went to the weight to be given such testimony by the jury rather than to its admissibility. If appellant desired to delve more deeply into the chemist's conclusions, the door was open to him through cross-examination.

Appellant's second ground of error is overruled.

Appellant contends in his final ground of error that two jurors received communications dealing with the case which were improper and highly prejudicial to the appellant's right to a fair hearing on punishment.

The record reflects that, after the appellant had been found guilty by the jury but before the jury had assessed punishment, counsel for the appellant informed the trial judge that certain information regarding the appellant had been published in the local newspaper and that certain radio "shorts" regarding the appellant had been broadcast over local radio stations. Such reports, according to the appellant, indicated that the appellant had recently been convicted of the same offense as in the case at bar and that he had been assessed a 1500 year prison sentence. The trial judge in response to defense counsel's request inquired if any of the jury had read or heard these reports or had heard about them. Two jurors indicated that they had,

but stated that they would not give it any consideration at all in the determination of the case.

 Counsel for the appellant, in his brief, does not point to any ruling of the trial judge which he claims to be error. In fact, the trial judge did comply with all his requests in regard to this matter. No motion for mistrial was made. We must conclude that the appellant was satisfied as to the court's handling of the situation and cannot now be heard to complain. Williams v. State, Tex.Cr.App., 427 S.W.2d 868; Hughes v. State, Tex.Cr.App., 409 S. W.2d 416; Garcia v. State, Tex.Cr.App., 428 S.W.2d 334.

Appellant's final ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.