**Ex parte Carl Kelly GIACONA.**

**No. 49676.**

Court of Criminal Appeals of Texas.

Feb. 12, 1975.

———◆———

Carl Kelly Giacona, pro se.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an original application for writ of habeas corpus. Petitioner seeks relief from confinement in the Texas Department of Corrections, where he is serving a life sentence.

On April 7, 1965, a Nueces County jury found petitioner guilty of unlawful possession of a narcotic drug, to-wit: marihuana, in Cause No. 11847. They further found that petitioner had been previously convicted of two felonies less than capital which were alleged in the indictment for the purpose of enhancement of punishment. The court entered judgment and sentence confining petitioner to the penitentiary for life, under Article 63, Vernon's Ann.P.C.

On appeal, petitioner's conviction was affirmed. Giacona v. State, Tex.Cr.App., 397 S.W.2d 863.

One of the convictions alleged for enhancement was for unlawful possession of a narcotic drug, to-wit: marihuana, obtained in Criminal District Court #3 of Harris County, in Cause No. 84927 on November 28, 1958. The other conviction was obtained on November 8, 1957, in the United States District Court for the Southern District of Texas in Cause No. 13098 for unlawfully acquiring marihuana in violation of Title 26, U.S.Code, Sec. 4744(a)(1) and unlawfully facilitating the transportation and concealment of marihuana in violation of Title 26, U.S.Code, Sec. 4744(a)(2).

The latter conviction is void under Leary v. United States, 395 U.S. 6, 89 S. Ct. 1532, 23 L.Ed.2d 57. See also Rodriguez v. State, Tex.Cr.App., 495 S.W.2d 952; Ex parte Taylor, Tex.Cr.App., 484 S.W.2d 748; Ex parte Lopez, Tex.Cr. App., 491 S.W.2d 420. *Leary* is retroactive. Ex parte Lopez, supra. Alba v. State, Tex.Cr.App., 492 S.W.2d 555.

Further, petitioner's state court conviction for unlawful possession of mari-

huana is not available for enhancement under Article 62, V.A.P.C. Enhancement for a subsequent violation of Article 725b, V.A.P.C., must be obtained under provisions of Article 725b, Sec. 23(a), V.A.P.C. Article 725b, Sec. 23(a), supra. Heredia v. State, Tex.Cr.App., 468 S.W.2d 833; Ex parte Roberts, Tex.Cr.App., 344 S.W.2d 682; Granado v. State, Tex.Cr.App., 329 S.W.2d 864.

Accordingly, petitioner is relieved from further confinement under the judgment of conviction in Cause No. 11487 and remanded to the custody of the Nueces County Sheriff to answer to the first count and second paragraph of the indictment in Cause No. 11487, under which he was convicted.

It is so ordered.