**William David BROWNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52441.**

Court of Criminal Appeals of Texas.

Oct. 13, 1976.

Douglas A. Yancy, Houston (John P. Mustachio, Houston, of counsel), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Alvin M. Titus and Ned B. Morris, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

KEITH, Commissioner.

Appellant was charged by indictment with the offense of possessing a dangerous drug, namely, lysergic acid diethylamide. The offense was alleged to have been committed on January 16, 1973. Appellant pleaded not guilty but the jury found him to be guilty. He timely requested that his punishment be determined by the trial court; and, upon proof that he had been twice previously convicted of felonies less than capital, his punishment was assessed at confinement for life.

PART I

In the fourth ground of error, appellant challenges the sufficiency of the evidence to support the conviction. On the date in question, Houston Police Officer Bankston, accompanied by another officer, was at a Texaco service station on the Gulf Freeway in Houston when the attendant informed him that there were some people in a car over by one of the gasoline pumps who had used a stolen credit card a week earlier in making a purchase. Based upon this information (which was not presented

to the jury), the officers approached the vehicle and saw appellant sitting under the steering wheel of the car. The officers ordered the occupants to get out of the car; and, when appellant got out, Bankston saw a "chrome pistol on the floorboard underneath the seat on the driver's side" of the car. Appellant was then arrested and the officers searched the car finding a milk carton in a clear plastic bag inside of a brown paper bag. The carton "had a bunch of pink pills in it" which the officer believed to be LSD.

The chain of custody having been properly established, Chemist Zotter testified that he made a chemical examination of a random sampling of the pills (of which there were approximately twenty-four hundred) and that each contained LSD.

Appellant did not testify nor did he offer any affirmative defense. Having examined the evidence, we find it sufficient to support the conviction and ground four is overruled.

 In ground of error number six, appellant complains of the action of the trial court in overruling his motion to quash one of the enhancement paragraphs in the indictment, alleging that he was duly and legally convicted of the offense of "Unlawfully Purchasing a Narcotic Drug, in violation of Title 26, U.S.Code, Section 4704" in the United States District Court for the Southern District of Texas, sitting at Houston. We set out in the margin the pertinent portion of his motion to quash which was overruled by the trial court.[1]

However, upon appeal, appellant does not argue that the conviction may not be used for the reasons stated in his motion to quash; instead, he invokes the doctrine set

out in *Ex parte Lopez,* 491 S.W.2d 420 (Tex.Cr.App.1973), which followed *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). We confine our discussion to the argument advanced upon appeal and note at the outset that appellant pleaded guilty to the federal indictment charging the unlawful purchase of a narcotic drug in violation of Title 26, U.S.Code, Section 4704. Thus, appellant's reliance upon *Lopez* is misplaced.

Our case is controlled by this court's opinion in *Rodriquez v. State,* 495 S.W.2d 952, 954 (Tex.Cr.App.1973), where Judge Jackson (also the author of *Lopez,* supra) noted that "the court's decision in *Leary* did not invalidate the statute as a whole", and the plea of guilty rendered *Leary* inapposite. So it is in the case at bar; and ground of error number six is overruled.

Finding no error, the judgment is affirmed.[2]

Approved by the Court.

---

1. "That the State is using as its first enhancement count a 1960 Federal conviction wherein the defendant was convicted of 'the unlawful buying of heroin'. The State must proceed under Article 63 in the enhancement counts in order to make the Habitual Criminal Statute effective.

 "The defendant would show the Court that the federal conviction of the unlawful buying of heroin is not a proper enhancement count in that the State does not have a like or a counter-

part statute similar to or the same as the federal statute, consequently it cannot be used for an enhancement count. . . ."

2. Four other grounds of error are discussed in what is designated as Part II of this opinion. It contains no new questions of law. It is a matter of record but will not be published, cited, or accepted as authority. See footnote 2 in *Jones v. State,* 520 S.W.2d 755, 759 (Tex.Cr. App.1975).