**UNITED STATES of America,**
**Appellee,**

v.

**Ronald ROBINSON, a/k/a LeRonald**
**Loper, Appellant.**

**No. 71–1144.**

United States Court of Appeals,
Eighth Circuit.

Sept. 17, 1971.

Robert A. Hampe, St. Louis, Mo., filed brief for appellant.

Daniel Bartlett, Jr., U. S. Atty., and Robert B. Schneider, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before VAN OOSTERHOUT, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

The defendant was convicted of possessing a sawed-off shotgun in violation of the National Firearms Act, 26 U.S.C. § 5861(d). He was sentenced to five years in the custody of the United States Attorney General.

The defendant contends that the Act is unconstitutional because it violates his due process rights by eliminating the requirement of specific intent and because it violates his right against self-incrimination. He also contends that the trial judge erred in not instructing the jury on the essential element of possession.

The defendant's constitutional arguments are without merit. United States v. Freed, 402 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971). He attempts to distinguish this case from Freed on the basis that, in Freed, the defendant was convicted of possessing hand grenades while here, the defendant was convicted of possessing a sawed-off shotgun. We find this distinction to be irrelevant. See Milentz v. United States of America, 446 F.2d 111 (8th Cir.1971).

We also reject the defendant's contention that the court failed to properly instruct the jury with respect to possession. The court charged that one of the essential elements of the crime was " * * * [t]hat the defendant at the time and place charged in the indictment knowingly and willfully possessed a shotgun with a barrel less than eighteen inches in length * * *."

The defendant urges that the court should have defined the term "possession." The short answer to this contention is that the defendant did not request that the term be defined and, after the instructions were given, made no objection on this basis. The case is identical in this respect to Kramer v. United States, 408 F.2d 837 (8th Cir. 1969), and Rimerman v. United States,

374 F.2d 251 (8th Cir.), cert. denied, 387 U.S. 931, 87 S.Ct. 2053, 18 L.Ed.2d 992 (1967). In *Kramer* and *Rimerman,* we held that the term "possession," in the context of those cases, was plain and simple statutory language not requiring further definition in jury instructions. What we said in *Kramer* and *Rimerman* is applicable here.

The judgment of the District Court is affirmed.