**UNITED STATES of America,**
**Appellee,**

v.

**Harrison E. MATTHEWS, a/k/a Bumsy**
**Matthews, Appellant.**

**No. 71–1341.**

United States Court of Appeals,
Eighth Circuit.

Jan. 18, 1972.

1238

Ellis Olkon, Minneapolis, Minn., for appellant.

Joseph T. Walbran, Asst. U. S. Atty., Robert G. Renner, U. S. Atty. for D. Minnesota, Minneapolis, Minn., for appellee.

Before MATTHES, Chief Judge, LAY, Circuit Judge, and HUNTER, District Judge.*

MATTHES, Chief Judge.

An indictment was filed in the United States District Court for the District of Minnesota, charging that Harrison E. Matthews, a/k/a Bumsy Matthews, having had two prior felony convictions in the State of Minnesota, did wilfully and knowingly receive and possess firearms in violation of 18 Appendix, U.S.C. § 1202(a) (1).[1] A jury found Matthews guilty and he has appealed from the judgment of conviction.

Three contentions of error are presented as grounds for reversal.

1. That the district court erred in denying appellant's motion to suppress the two handguns found in his automobile, which was occupied by him, the claim being that the search was unreasonable.

2. That the government failed to prove that receipt or possession of the guns was in or affected interstate commerce.

3. That the district court erred in reading the indictment to the jury.

■ We are convinced and hold that the guns were in the possession of appellant and that the arresting officers had probable cause to seize the weapons.

■ We also hold that the reading of the indictment to the jury did not affect the substantial rights of appellant and he was not prejudiced by this procedure.

■ Appellant's second contention set out above is controlled by the decision of the Supreme Court in United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L. Ed.2d 488 (1971). In Bass, the Court reasoned that it is not clear from the language and legislative history of § 1202(a) (1), supra, footnote 1, whether or not receipt or possession of a firearm by a convicted felon has to be shown in an individual prosecution to have been connected with interstate commerce. Proceeding further, the Court held the ambiguity of the statute must be resolved in favor of the narrower reading that a nexus with interstate commerce must be shown with respect to all three offenses embraced by § 1202(a) (1), i. e., receipt, possession or transportation of a firearm.

There is nothing in the record to show that the receipt and possession of the firearm by appellant had any connection with or affected interstate commerce. Therefore, the conviction cannot stand.

The judgment is vacated and the cause is remanded.

---

* Western District of Missouri, sitting by designation.

1. In pertinent part, § 1202(a) (1), which is a part of Title VII of The Omnibus Crime Control and Safe Streets Act of 1968, provides:
"Any person who—
(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, . . . and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."