**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Orlando Pershing HARP, Defendant-Appellant.**

**No. 71–1426.**

United States Court of Appeals,
Fifth Circuit.

Jan. 31, 1972.

John Fashing, El Paso, Tex., (court appointed) for defendant-appellant.

Victor K. Sizemore, Ralph E. Harris, Asst. U. S. Attys., El Paso, Tex., William S. Sessions, U. S. Atty., San Antonio, Tex., Edward S. Marquez, Asst. U. S. Atty., El Paso, Tex. for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Orlando Pershing Harp was convicted under a single-count indictment for knowingly possessing a firearm in violation of 18 U.S.C. App. § 1202(a) (1). The statute punishes a previously convicted felon who "receives, possesses, or transports in commerce or affecting commerce . . . . any firearm". 18 U.S.C. App. § 1202(a) (1). Subsequent to oral argument in this appeal, the Supreme Court held that this statute does not reach mere possession of firearms and, therefore, the government must demonstrate some nexus with interstate commerce when a defendant is charged with possessing or transporting a firearm. United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488, 1971. A review of the record reveals that it was neither alleged in the indictment nor proved by the government that Harp

possessed the .38 caliber pistol "in commerce or affecting commerce." Since such a showing was not made by the government in this case, the conviction cannot stand.

Because of the result we have reached, it is unnecessary to discuss the several other contentions Harp raises on appeal.

The judgment of the district court is reversed and the cause is remanded to the district court for further proceedings not inconsistent with United States v. Bass, supra.

Reversed and remanded.