Glenn Allen **BRYANT**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 71-1596.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1972.

Decided June 29, 1972.

Eugene D. Bromblett, El Dordo, Ark., court-appointed counsel for appellant.

Bethel B. Larey, U. S. Atty., and James A. Gutensohn, Asst. U. S. Atty., Fort Smith, Ark., for appellee.

Before VOGEL, LAY and BRIGHT, Circuit Judges.

VOGEL, Circuit Judge.

Glenn Allen Bryant, defendant-appellant, was, after a jury trial, convicted on both counts of a two-count indictment charging him in Count I with violation of the National Firearms Registration Act, 26 U.S.C.A. §§ 5845(a), 5861(d) and 5871, and in Count II with being a convicted felon in possession of a firearm in violation of 18 U.S.C.A. App. § 1202(a). Appellant was sentenced to serve five years on Count I and two years on Count II, the sentences to run concurrently.

On appeal, Bryant alleges the following errors:

(1) The trial court erred in not dismissing Count II of the indictment because no connection with interstate commerce was charged.

(2) The trial court erred in overruling appellant's motion for acquittal, there being insufficient evidence to demonstrate an intent to commit an unlawful act.

(3) The trial court prejudiced the appellant in its questioning of a defense witness.

(4) The prosecuting attorney prejudiced appellant in his closing argument to the jury.

For the reasons stated below, we reverse appellant's conviction on Count II, but affirm his conviction on Count I.

We consider first appellant's contention that the trial court erred in not dismissing Count II of the indictment for failure to allege a connection with interstate commerce. Appellant relies, of course, upon the recent Supreme Court decision of United States v. Bass, 1971, 404 U.S. 336, at page 347, 92 S.Ct. 515, at page 522, 30 L.Ed.2d 488, at pages 496–497, wherein the court stated:

" * * * the phrase 'in commerce or affecting commerce' [contained in 18 U.S.C.A. App. § 1202(a)] is part of all three offenses, and the present conviction must be set aside because the Government has failed to show the requisite nexus with interstate commerce. This result is dictated by two wise principles this Court has long followed.

"First, as we have recently reaffirmed, 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.' * * *

" * * * [Second] unless Congress conveys its purpose clearly, it will not be deemed to have significantly changed the Federal-State balance."

Here, as in *Bass*, the indictment failed to charge that the firearm in question had been in or had affected commerce. The government, while conceding that "this point is probably well taken in view of United States v. Bass, [contends, nevertheless, that] * * * the interstate transportation, while not alleged in this present case, was proven and the jury so found." Such an inference is impermissible. The requisite elements of a crime must be stated with sufficient certainty in the indictment. United States v. Mooney, 8 Cir., 1969, 417 F.2d 936, cert. denied, 1970, 397 U.S. 1029, 90 S.Ct. 1280, 25 L.Ed.2d 541; Spinelli v. United States, 8 Cir., 1967, 382 F.2d 871, rev'd on other grounds,

1969, 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637; Friedman v. United States, 8 Cir., 1965, 347 F.2d 697, cert. denied, 1965, 382 U.S. 946, 86 S.Ct. 407, 15 L. Ed.2d 354; Rood v. United States, 8 Cir., 1965, 340 F.2d 506, cert. denied, 1965, 381 U.S. 906, 85 S.Ct. 1452, 14 L. Ed. 287, F.R.Crim.P. 7(c), 18 U.S.C.A.

■ In fairness to the trial court, we must point out that the Supreme Court's decision in *Bass* was handed down subsequent to the trial of this case, and that prior to *Bass* this court had held in United States v. Synnes, 8 Cir., 1971, 438 F.2d 764, 771, vacated, 1972, 404 U. S. 1009, 92 S.Ct. 687, 30 L.Ed.2d 657, proof that possession occurred in commerce or affecting commerce was not an element of the offense. Note, however, our post-*Bass* decisions in United States v. Harris, 8 Cir., 1972, 456 F.2d 62 and United States v. Matthews (a/k/a Bumsy Matthews), 8 Cir., 1972, 453 F.2d 1237. The judgment of conviction in Count II is accordingly reversed.

Appellant's next contention is that there was insufficient evidence to prove that he intended to violate the National Firearms Registration Act.

In United States v. Freed, 1971, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356, the Supreme Court held that a National Firearms Registration Act violation does not require specific intent; all that is required to convict is knowing possession of the prohibited item. See, also, United States v. Robinson, 8 Cir., 1971, 448 F.2d 715; Milentz v. United States, 8 Cir., 1971, 446 F.2d 111.

■ Despite the absence of specific intent requirement, the trial court permitted appellant to introduce evidence tending to negate any intent to violate the Act, and in addition, gave several instructions to the jury on the matter of criminal intent. We find no error on appellant's second contention.

We consider next appellant's third contention that the trial court preju-

diced him in asking certain questions of a defense witness. The witness in question, Ira Morrison, who is now an Iowa judge, had been prosecuting attorney for Washington County, Iowa. He had received two telephone calls from a lady friend of the appellant, advising him that the appellant and a co-defendant in an Iowa criminal prosecution were en route into Arkansas, that they had a gun and " * * * other means that they would use to keep a witness from testifying." She stated to Morrison, " * * * that they were willing to use whatever means necessary to eliminate the testimony of these witnesses." In trying to clarify Mrs. Davison's role in the events leading to appellant's arrest, the following dialogue took place:

"THE COURT: Judge Morrison, let me ask you one question, which each of you will have objections to. When you talked to Elinor Davison did she or did she not in any manner limit her information in any way? Was she informing on one to keep an eye on the other?

"A I don't know, Your Honor.[1]

"THE COURT: As I understood you, you just said 'the two of them', she told you that 'the two of them' were going to Arkansas to eliminate the testimony against them.

"A Yes, sir."

■ Subsequently under cross-examination by the prosecuting attorney, Judge Morrison was asked:

"Q You don't know whether she was playing both ends against the middle or not, do you?

"A No, sir.

"Q You knew the purpose of the mission was to come down here to eliminate the testimony of some witnesses?

"A Yes, sir. We wanted to stop that.

---

1. After this appeal was lodged, appellant's attorney sought by a motion to correct the record to have this answer changed to "I assume both of them." The trial court overruled the motion.

"Q And you wanted to stop it and that's the reason that you called and that's the reason that they were stopped, was it not?

"A Yes, sir."

It is apparent that twice the witness indicated inability to answer the Court's question. Even if the question itself were improper, we fail to see where under these circumstances the appellant is in any way prejudiced. It is one of the chief duties of a trial judge to clarify the testimony of witnesses. His attempt to do so should not be a basis of error unless done in a biased manner. Pfizer, Inc. v. Lord, 8 Cir., 1972, 456 F.2d 532, 539; Kramer v. United States, 8 Cir., 1969, 408 F.2d 837, 841; Ray v. United States, 8 Cir., 1966, 367 F.2d 258, 261, cert. denied, 1967, 386 U.S. 913, 87 S.Ct. 863, 17 L.Ed.2d 785; Fidelity & Deposit Co. of Maryland v. Bates, 8 Cir., 1935, 76 F.2d 160, 170. No such bias has been demonstrated in the instant case.

It is appellant's final contention that the Assistant United States Attorney committed prejudicial error in his final argument to the jury. Although appellant did not take the stand and testify in his own behalf, he attempted to establish, through the testimony of defense witnesses, that he was acting as an informer for the State of Iowa during the period up to his arrest in the State of Arkansas. The prosecuting attorney was, in his closing argument, attempting to refute appellant's theory of defense, whereupon appellant's defense counsel interposed the following objection:

"MR. BRAMBLETT: I think Mr. Gutensohn is trying to instruct the Jury on the law, and I think he's wrong—that has to do with criminal intent and I don't think he's entitled to instruct the law, what he thinks the law is."

The court then noted:

"THE COURT: Ladies and Gentlemen of the Jury, each attorney presents his own views to the Jury.

The Jury will decide this case on the law as given by the Court and evidence as given by the witnesses and the exhibits. Now, go right ahead."

We have read the prosecuting attorney's closing argument and find no prejudicial statement therein. Furthermore, broad discretion is reposed in the trial court to control the closing arguments and its discretion in this area will not be overturned in the absence of a clear abuse thereof. United States v. Turchick, 8 Cir., 1971, 451 F.2d 333; Koolish v. United States, 8 Cir., 1965, 340 F.2d 513, cert. denied, 1965, 381 U. S. 951, 85 S.Ct. 1805, 14 L.Ed.2d 724; Brennan v. United States, 8 Cir., 1957, 240 F.2d 253, cert. denied, 1957, 353 U. S. 931, 77 S.Ct. 718, 1 L.Ed.2d 723. Even if the argument could possibly be considered improper, there was no abuse of discretion here. The trial judge properly and adequately instructed the jury. A complete review of this entire record convinces us that appellant had a fair trial and was convicted under Count I by substantial evidence.

Reversed as to Count II, affirmed as to Count I.