UNITED STATES of America,
Plaintiff-Appellee,

v.

Carl P. FIORITO, Defendant-Appellant.

No. 71-1366.

United States Court of Appeals,
Seventh Circuit.

Argued June 1, 1972.

Decided July 21, 1972.

Martin S. Gerber & Ronald P. Alwin, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Chicago, Ill., Sidney M. Glazer and Peter M. Shannon, Jr., Attys., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before KNOCH, Senior Circuit Judge, and KILEY and STEVENS, Circuit Judges.

KNOCH, Senior Circuit Judge.

Defendant-appellant, Carl P. Fiorito, has taken this appeal from his conviction in a jury trial on an indictment charging possession of firearms in violation of Title 18 United States Code, App. § 1202(a).

Appellant contends that error occurred in admission of evidence allegedly improperly seized and attacks the statute as unconstitutional. We do not reach these issues, as the government concedes, and we so find, that the indictment is fatally defective in that it merely charges that appellant, who had previously been convicted of a felony, possessed firearms, with no allegations of any nexus with interstate commerce. The statute reads:

> § 1202. Receipt, possession, or transportation of firearms—Persons liable; penalties for violations
>
> (a) Any person who—
>
> (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony,
>
> \* \* \* \* \* \*
>
> and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

After the conviction which is the subject of this appeal, the United States Supreme Court construed this statute and in United States v. Bass, 1971, 404 U.S. 336, 350, 92 S.Ct. 515, 30 L.Ed.2d 488 held, contrary to the decisions in United States v. Cabbler, 4 Cir., 1970, 429 F.2d 577, cert. den. 400 U.S. 901, 91 S.Ct. 138, 27 L.Ed.2d 138; United States v. Daniels, 9 Cir., 1970, 431 F.2d 697; United States v. Wiley, 8 Cir., 1971, 438 F.2d 773; United States v. Donofrio, 5 Cir., 1971, 450 F.2d 1054;* United States v. Crow, 9 Cir., 1971, 439 F.2d 1193; Stevens v. United States, 6 Cir., 1971, 440 F.2d 144; United States v. Mullins, 4 Cir., 1970, 432 F.2d 1003; United States v. Synnes, 8 Cir., 1971, 438 F.2d 764; and United States v. Taylor, 8 Cir., 1971, 438 F.2d 774; that possession of a firearm "in commerce or affecting commerce" is an element of the offense of possession by a felon, as well as of the offense of transport by a felon.

As the indictment fails to state an offense, it must be dismissed.

■ Appellant argues that he is entitled to reversal and remand for entry of a judgment of acquittal. We do not agree. Nor do we find significance in appellant's having raised the issue of the defect in the indictment only in his motion for judgment of acquittal and not in his motion for a new trial. See Bryan v. United States, 1950, 338 U.S. 552, 558, 70 S.Ct. 317, 94 L.Ed. 335.

As the government argues, whatever label appellant places on his pleadings, he is attacking the indictment, *inter alia,* as failing to state an offense. See United States v. Rosenson, E.D.La., 1968, 291 F.Supp. 867, 869, aff'd 5 Cir., 1969, 417 F.2d 629, cert. den. 397 U.S. 962, 90 S.Ct. 992, 25 L.Ed.2d 253.

This Court is not limited to the particular relief sought by appellant, but may direct such appropriate order as it finds just under the circumstances.

Forman v. United States, 1960, 361 U.S. 416, 425–426, 80 S.Ct. 481, 4 L.Ed.2d 412. Accordingly, we order that the judgment of conviction herein be vacated and this cause be remanded to the District Court for dismissal of the indictment.

Judgment vacated and cause remanded for dismissal of the indictment.

---

* On rehearing, after the decision in *Bass,* the cause was remanded to the District Court for further proceedings not inconsistent with *Bass.*