Oscar Floyd **WHARTON**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**No. FS 72-C-50.**

United States District Court,
W. D. Arkansas,
Fort Smith Division.

Oct. 2, 1972.

Oscar Floyd Wharton, pro se.

## MEMORANDUM OPINION

PAUL X WILLIAMS, District Judge.

On a date prior to July 3, 1972 the Petitioner, Oscar Floyd Wharton, mailed to the Judge of this Court a file of handwritten papers which he entitled "PETITION FOR HABEAS CORPUS 28 U.S.C.A. 2241–2255."

Upon examination of the papers it appeared that Petitioner was and is a prisoner in a Kansas State Penitentiary, pursuant to a sentence of a Kansas State Court, and the allegations of his self-prepared pleading did not allege facts constituting a deprivation of a civil or constitutional right.

By letter dated July 3, 1972 this Court denied Petitioner the right to file such

petition in the District Court for the Western District of Arkansas.

The matter was apparently sent to the Court of Appeals for 8th Circuit because on July 28, 1972 that Court entered the following order:

### ORDER

"This case comes before the Court on consideration of an application for leave to proceed in forma pauperis. In connection with the application the Court has carefully considered papers received but apparently not filed in the United States District Court of the Western District of Arkansas. Being fully advised in the premises it is now here ordered:

The application for leave to proceed in forma pauperis is granted and the Clerk of this Court is directed to regularly docket this case. The denial of the application of Oscar Floyd Wharton by the United States District Court of the Western District of Arkansas is reversed and the matter is remanded to the District Court with directions to file the application and to consider the same as an application for writ of error coram nobis. See United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). July 28, 1972."

The Petitioner's sheaf of papers was actually filed by the Clerk of this Court on July 31, 1972. Examination of the file reveals that Petitioner contends that he was convicted in the United States District Court for the Western District of Arkansas (Fort Smith) in 1962 and served his sentence; but that subsequently he has been convicted in a Kansas State Court and the conviction in the United States Court was used by the Kansas Court to impose a more severe sentence. He alleges that the United States conviction was invalid because it did not meet due process and equal protection. Then he alleges that prior to his United States trial at Fort Smith in 1962 he was convicted of a felony in Texas and that in the Texas conviction he "never had an attorney nor was he offered an attorney," and that the United States District Court at Fort Smith was informed about the Texas conviction and the Texas conviction was invalid which made the United States District Court conviction invalid which made the Kansas conviction and sentence invalid.

On August 3, 1972 the United States by its District Attorney filed answer to the Petitioner's motion, the prayer of which is that the petition be dismissed.

On August 8, 1972 this Court caused the proceedings in this Court in Texarkana No. 4536 and Fort Smith 5844 dated November 27, 1962 to be transcribed and a copy thereof to be forwarded to Oscar Floyd Wharton.

On August 10, 1972, Oscar Floyd Wharton filed an instrument styled "TRAVERSE OF RESPONDENTS ALLEGATIONS" consisting of five handwritten pages and verified by Mr. Wharton.

In paragraph II of the traverse is the verified statement by Mr. Wharton that his waiver of counsel in the instant Court has nothing to do with the issues at bar.

On August 15, 1972 this Court received from Mr. Wharton a letter by certified mail in which Mr. Wharton stated:

"It is true we now have an inmate rights attorney who has an office in the capitol at Topeka, but the head of it is a former assistant atty. general of the Criminal Division, but he also violently opposes any legal views. . ."

"I am indigent, I can't retain counsel, all I can depend on is inmate assistance, therefore if you feel I need counsel under the new criminal act you can appoint counsel—See Boyd v. Dutton 405 U.S. 1, 92 S.Ct. 759, 30 L.Ed.2d 755 (1972) which I hope you will. . . ."

By letter dated September 8, 1972 the Directors of Legal Service for Prisoners at Topeka, Kansas informed this Court that Oscar Wharton, an inmate at the Kansas State Penitentiary, contacted him to assist Mr. Wharton in this case and that it is the policy of the Legal Service group to request the Court to appoint an

attorney if the Court is of the opinion that the case has merit.

On September 18, 1972 this Court wrote the following letter to the Director:

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
#### POST OFFICE BOX 1623
#### FORT SMITH, ARKANSAS 72901

PAUL X WILLIAMS
    JUDGE

September 18, 1972

Mr. Pete Farabi, Director
*Legal Service for Prisoners, Inc.*
5600 West Sixth — Box 829
Topeka, Kansas 66601

Dear Sir:

      RE:  Oscar Wharton
              v.
           U. S. A.
           No. FS–72–C–50

This will acknowledge your letter of September 8, 1972 in which you request that this court appoint counsel to assist Mr. Wharton in the presentation of his law suit.

As you know this matter was certified to our Court by the 8th Circuit Court of Appeals to be heard as a Writ of Error Coram Nobis. We have been unable to find any authority to appoint counsel for Mr. Wharton in this application for which the United States can pay an attorney's fee.

In spite of the fact, we have contacted several attorneys locally and solicited their aid in presenting Mr. Wharton's theory to the Court and to date we have found no lawyer any where in our district who subscribes to his theory or believes there is merit in his contention.

Consequently, if your office can in good conscience represent Mr. Wharton, we will be pleased to hear from you.

              Yours truly,

              Paul X Williams

cc:  Mr. Oscar Wharton
      Box 2
      Lansing, Kansas 66043

———◆———

As the Court understands its provisions, no fee can be allowed under 18 U.S.C. § 3006 to any attorney for representing an indigent on a *coram nobis* application.

28 U.S.C. § 1915(d) provides that: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or

if satisfied that the action is frivolous or malicious."

Petitioner states that the available counsel in Kansas have told him that they find no merit in his contention.

This Court has not personally asked every attorney in Western Arkansas about his views on Petitioner's application, but has made more than a casual inquiry among local attorneys and finds none who believes he can in good conscience urge the position advanced by Mr. Wharton. This Court has enjoyed a good relationship with the attorneys who practice before it in Western Arkansas and feels that any one of them would gladly serve in this case without hope of fee if he could in good conscience urge the theory relied on by Mr. Wharton.

Consequently there is no counsel of record for the Petitioner.

The Court is reluctant to proceed in this case, when no attorney has appeared for the Petitioner, but it appears that the transcription of the proceedings of November 27, 1962 comprises all of the evidence necessary and there is merely a matter of law presented to the Court and that is whether or not the petitioner is entitled to have the conviction in the United States District Court in 1962 set aside as being in violation of some right of the Petitioner which he can raise under the theory of "Writ of Error Coram Nobis."

■■ There can be no question of the right of Petitioner to pursue the course of procedure he has followed for although Federal Rules of Civil Procedure 60(b) provides that Writs of Coram Nobis are abolished, the United States Supreme Court has held that under the great writ statute (28 U.S.C. § 1651) coram nobis is still available. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954)

50 F.R.D. 153 et seq. contains the subject matter of a treatise by Judge Elmo B. Hunter of Kansas City, Missouri on "Post Conviction Remedies". At page 166 appears the following:

"While there may be some thought that the ancient writ of coram nobis may no longer be available, it would appear to be still authorized in the All Writs Statute, 28 U.S.C. § 1651. A typical situation for coram nobis is where the prisoner is in state custody serving a habitual criminal sentence dependent on a prior felony conviction in a federal court. Coram nobis is available to correct errors of fact that affect the validity and regularity of a judgment, and is confined to cases where the errors are of the most fundamental character, as to render the proceedings itself irregular and invalid. United States v. Morgan, 346 U.S. 502, 507, 74 S.Ct. 247, 98 L.Ed. 248; Kyle v. United States, C.A. 2 1961, 288 F.2d 440, 441; Adam v. United States, C.A. 10 1960, 274 F.2d 880, 881. Coram nobis is not a substitute for habeas corpus or for section 2255 relief. Cito v. United States, C.A. 10 1960, 283 F.2d 49, cert. den. 366 U.S. 938, 81 S.Ct. 1664, 6 L.Ed.2d 849."

In case of Rodgers v. United States (5th Circuit) 451 F.2d 562 in speaking of coram nobis the court said:

"Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice."

The 8th Circuit has dealt with coram nobis in the case of McFadden v. United States (1971) 439 F.2d 285 in which case Judge Gibson used the following language:

"Morgan is of course the landmark case. There the petitioner, who had completed a sentence for a federal crime, was convicted of a state crime and given an enhanced term as a second offender because of his prior federal conviction. He then attacked the federal conviction for lack of counsel. The Supreme Court held that relief under § 2255 and under Rule 35 was not available, but that the district

court had power to grant relief 'in the nature of a writ of error coram nobis' under 28 U.S.C. § 1651. However, the Court stressed that '[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice.' 346 U.S. at 511, 74 S.Ct. at 252.

In construing Morgan, this Court has held that 'error coram nobis relief should not be granted except under compelling circumstances' and that the writ was designed only to correct errors of the most fundamental character. Gajewski v. United States, 368 F. 2d 533, 534 (8th Cir. 1966), cert. denied, 386 U.S. 913, 87 S.Ct. 865, 17 L. Ed.2d 786 (1967). We denied the writ in Gajewski, but granted the writ in Deckard v. United States, 381 F.2d 77 (8th Cir. 1967), upon a proper showing of a basis for relief and a showing of outstanding adverse legal consequences from the conviction. The latter showing was necessary to give the federal district court jurisdiction of an application in the nature of coram nobis. United States v. National Plastikwear Fashions, Inc., 368 F.2d 845, 846 (2d Cir. 1966), cert. denied, Greene v. United States, 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136 (1967). The constitutional error in Deckard was fundamental, there were compelling circumstances to grant relief in order to achieve justice, and these errors and circumstances were articulated by the petitioner in his application for the writ.

We conclude petitioner's claim that he was denied his right to appeal does not present an error of the most fundamental character since his petition does not set forth a single ground calling for a reversal of his 1957 convictions. Petitioner has also failed to show that he is suffering outstanding adverse legal consequences from these convictions. There is substantial doubt that even a successful appeal of McFadden's

1957 convictions would redound to his benefit, since his 1966 sentences were within the permissible limits of sentencing him as either a first or second offender and any loss of civil rights flowing from the 1957 convictions now flow with equal force from the 1966 convictions. Finally, McFadden has failed to state sound reasons for not seeking appropriate earlier relief. Kiger v. United States, 315 F.2d 778 (7th Cir.), cert. denied, 375 U.S. 924, 84 S.Ct. 270, 11 L.Ed.2d 166 (1963). Judgment affirmed."

In the case at bar, a copy of the 1962 proceedings was furnished to the Petitioner and he makes no complaint as to the accuracy and truthfulness of the transcription which is made a part of this memorandum opinion by reference.

The transcription reveals the usual thorough arraignment procedure used by Hon. John E. Miller, now Senior Retired Judge, but in 1962 the Chief Judge for the Western District of Arkansas.

The defendant was advised of his right to the services of an attorney and that if he couldn't pay an attorney's fee the Government would pay the attorney.

The following is a part of the transcription at page 6:

THE COURT: Do you desire to be represented by an attorney?

MR. WHARTON: No sir.

THE COURT: Do you desire to waive the return of the indictment and transfer the case up here?

MR. WHARTON: Yes, sir. Well, I am guilty. That is the way it is. There is no use putting you to any more trouble than I have to.

THE COURT: You just want to get the matter disposed of?

MR. WHARTON: Yes, sir.

At pages 7, 8 & 9:

THE COURT: All right, Mr. Wharton, here is the charge against you:

"That on or about November 17, 1962, in the Western District of Arkansas, Texarkana Division, Oscar Floyd Wharton did transport in interstate

commerce from Houston, Texas, to Hope, Arkansas, a certain motor vehicle, to-wit; 1957 Ford automobile bearing Serial No. C7D178503, the property of James M. Wright, 7317 Lakewood Street, Houston, Texas, knowing said motor vehicle to have been stolen, in violation of 18 United States Code Section 2312." "Now, Section 2312 of Title 18 of the United States Code simply makes it an offense for a person to transport a vehicle, automobile or other vehicle, from a point in one state to a point in another state knowing at the time the vehicle was a stolen vehicle. That is the charge against you. You understand the charge?

MR. WHARTON: Yes, sir.

THE COURT: As I understand, you do not desire an attorney?

MR. WHARTON: No, sir.

THE COURT: Now, the possible effect of a plea of guilty on that charge could result in a fine of not more than $5,000.00 or imprisonment for not more than five years, or both. Now, having had the charge explained to you and the possible effect of a plea of guilty what is your plea?

MR. WHARTON: Guilty, sir.

THE COURT: Mr. Wharton, has anybody in talking to you made you any promises of probation, leniency or special consideration in order to persuade you to plead guilty?

MR. WHARTON: No, sir.

THE COURT: Mr. Wharton, has anyforce or coercion or made any threats of violence or made anything of any nature to compel you to plead guilty?

MR. WHARTON: No, sir.

THE COURT: Are you pleading guilty of your own free will and accord?

MR. WHARTON: Yes, sir.

THE COURT: Because you are in truth and in fact guilty?

MR. WHARTON: Yes, sir.

THE COURT: Under those circumstances the Court will accept your plea of guilty as charged and find you guilty as charged."

The Court finds that the transcript of the proceedings shows a full and complete arraignment and a plea of guilty, the fairness of which was meticulously demonstrated by Judge Miller.

■■ This brings us to the heart of Petitioner's application where he alleges that he was sentenced to 6 months for a violation of 18 U.S.C. § 2312 after the sentencing Court was informed of a prior conviction (He says in Texas) where Petitioner contends he was not afforded counsel: Petitioner alleges that the Texas conviction was invalid because he was not afforded counsel and did not waive his right to counsel—that the United States District Judge knew of the invalid Texas conviction when he pronounced the six months sentence and that fact makes the United States sentence defective, which in turn makes his present Kansas State sentence invalid.

First, we point out that Petitioner has produced no proof that his Texas sentence was invalid. This is not a 2254 or 2255 motion. It is a motion for *coram nobis* relief. The burden and duty is on the Petitioner to allege and then prove some basic fault in the conviction procedure. The Petitioner fails.

Next, even if the Texas conviction were an invalid conviction, that fact would not make the plea of guilty in the United States District Court defective. The six months sentence imposed by Judge Miller under 18 U.S.C. § 2312 is a lenient sentence, well within the statutory limit. Even if it were not a lenient sentence, but a harsh sentence within the statutory limit and it would be indicated that the sentence imposed in the United States Court be set aside, yet there nevertheless would still be a valid conviction. Here the defendant has served the sentence imposed by Judge Miller and nothing could be gained by a new sentence.

This court is not unaware of the case of United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) on which the Petitioner states that he relies and from which he seeks to take comfort. The last paragraph of the majority opinion in that case is as follows:

"The *Gideon* case, [Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799] established an unequivocal rule 'making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one.' Burgett v. Texas, 389 U.S. 109, 114, 88 S.Ct. 258, 261, 19 L.Ed.2d 319. In *Burgett* we said that '[t]o permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case.' Id., at 115, 88 S.Ct. 258, at 262. Erosion of the *Gideon* principle can be prevented here only by affirming the judgment of the Court of Appeals remanding this case to the trial court for reconsideration of the respondent's sentence. The judgment is affirmed."

We point out that in the case at bar we are concerned with a "conviction" as distinguished from a "sentence."

The Kansas enhanced punishment is not based on the lenient "sentence" imposed on the Petitioner. It relies on the valid "conviction" in the United States District Court.

*Coram nobis* extends to a remedy that is basic to justice. Petitioner enjoyed the most lenient of sentences based on a just conviction. Nothing is alleged by Mr. Wharton that would show the conviction to be subject to attack. On the contrary the record shows a thorough and meticulous arraignment and a knowing and voluntary plea of guilty. There is no basic fault such as *coram nobis* is designed to remedy.

Therefore, the petition of Mr. Wharton should be denied.