**Ex parte Alfredo A. GARCIA, Jr.**

**No. 55329.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 18, 1978.

Selden N. Snedeker, Dist. Atty., Joe K. Hendley, Asst. Dist. Atty., Brownsville, for the State.

## OPINION

ROBERTS, Judge.

This a post conviction application for a writ of habeas corpus under Article 11.07, Vernon's Ann.C.C.P. The petitioner was convicted of possession of firearms by a felon,[1] enhanced by two prior felony convictions,[2] and the trial judge assessed punishment at life. Upon appeal, this Court affirmed the judgment by per curiam opinion delivered June 4, 1975.[3]

The petitioner's sole contention is that a prior federal conviction, one of the two prior convictions alleged for enhancement purposes, is void and the life sentence is therefore invalid.

On June 11, 1970, the appellant pleaded guilty to the second count of a two-count federal indictment.[4] Count two, which alleged a violation of 18 U.S.C., App. Section 1202(a), is as follows:

"COUNT II"

"Title 18, United States Code, Appendix Section 1202(a).

"That on or about February 7, 1970, in Brownsville, Cameron County, Texas, and in the Southern District of Texas, ALFREDO AGUILAR GARCIA, JR., defendant herein, being a person who had been convicted by a court of the State of Texas of a felony, did knowingly and unlawfully possess a firearm to wit, a .32 caliber Harrington and Richardson revolver, model 732, serial number AF 16076, in violation of Title VII of the Omnibus Crime Control and Safe Streets Act of 1968, Public Law 90–351, as amended."

The petitioner, relying on *United States v. Bass*, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), contends that the allegation of 18 U.S.C., App. Section 1202(a) to which he pleaded guilty was fundamentally defective because it failed to allege that he possessed a firearm "in commerce or affecting commerce."

In *United States v. Bass, supra,* the Supreme Court was confronted with the proper interpretation of 18 U.S.C., App. Section 1202(a).[5] The issue presented in *Bass* was whether a prosecution under 18 U.S.C., App. Section 1202(a)(1) could stand where

---

1. See V.T.C.A., Penal Code, Section 46.05. The petitioner's conviction was in Cause No. 74–CR–149–C in the 197th District Court of Cameron County.

2. V.T.C.A., Penal Code, Section 12.42(d).

3. Cause No. 50,243.

4. Criminal No. 70–B–122, United States District Court for the Southern District of Texas, Brownsville Division.

5. 18 U.S.C., App. Section 1202(a) states:
   "Any person who—
   "(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, or

"(2) has been discharged from the Armed Forces under dishonorable conditions, or
   "(3) has been adjudged by a court of the United States or of a State or any political subdivision thereof of being mentally incompetent, or
   "(4) having been a citizen of the United States has renounced his citizenship, or
   "(5) being an alien is illegally or unlawfully in the United States.
   "and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm

"[t]here was no allegation in the indictment and no attempt by the prosecution to show that either firearm had been possessed 'in commerce or affecting commerce.' " *United States v. Bass, supra* at 338, 92 S.Ct. at 517. The Court concluded that ". . . 'in commerce or affecting commerce' is part of the offense of possessing or receiving a firearm." *United States v. Bass, supra* at 351, 92 S.Ct. at 524.

■ The threshold question, not unequivocally addressed in *Bass*, must necessarily be whether the phrase "in commerce or affecting commerce" constitutes an essential element of the offense of receiving or possessing a firearm. Of course, the *Bass* Court did conclude that this phrase was ". . . part of the offense of possessing . . . a firearm." *United States v. Bass, supra* at 351, 92 S.Ct. at 524. Also, two of the Circuit Courts of Appeals have directly held that the phrase "in commerce

shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

Prior to *Bass*, the Circuit Courts of Appeals had uniformly held that the phrase "in commerce or affecting commerce" modified "transports." However, the Circuit Courts of Appeals were split over whether the phrase also modified "receives" and "possesses." See *United States v. Bass, supra* at 338, n. 3, 92 S.Ct. 515.

6. See also *United States v. Bowdach*, 454 F.2d 728 (5th Cir. 1972); *United States v. Brock*, 454 F.2d 735 (5th Cir. 1972); and *United States v. Harp*, 454 F.2d 1161 (5th Cir. 1972). In each of these three cases, the Fifth Circuit reversed convictions because of the government's failure to allege and prove that the receipt or possession was "in commerce or affecting commerce."

7. We initially note that the petitioner raised his claim for relief via writ of habeas corpus in federal court, Cause No. C.A.B–77–18. On April 18, 1977, a United States District Judge dismissed the petitioner's claim, without prejudice, for failure to exhaust state remedies.

8. Our decision must necessarily consider whether the federal courts would grant the relief requested because the petitioner is asking for relief on the basis of federal interpretation of federal law rather than on the basis of our construction of Texas law. However, we do

or affecting commerce" is an element of the offense of possession by a felon that must be alleged as well as proven. See *Bryant v. United States*, 462 F.2d 433 (8th Cir. 1972); *United States v. Fiorito*, 465 F.2d 431 (7th Cir. 1972).[6] We are convinced by the foregoing authorities that the phrase "in commerce or affecting commerce" is an essential element of 18 U.S.C., App. Section 1202(a) that must be alleged (as well as proven), and that the appellant's claim is therefore facially meritorious.

■ However, we must also ascertain whether the federal courts[7] would grant relief pursuant to 28 U.S.C., Sec. 2254.[8] The petitioner pleaded guilty to the offense of possessing a firearm. See Rule 11, Federal Rules of Criminal Procedure, 18 U.S.C., Rule 11. Federal decisions uniformly hold that a guilty plea waives all nonjurisdictional defects.[9] *Broxson v. Wainwright*, 477 F.2d 397 (5th Cir. 1973); *Boyd v. Smith*,

not know under what authority the petitioner could pursue relief in the federal courts if we deny the relief he requests. While the petitioner could rely upon 28 U.S.C., Sec. 2255 (motion to vacate sentence) if he were still in federal custody, his remedies apparently will be limited to those authorized by 28 U.S.C., Sec. 2254, since he is in state custody. See *Parker v. Ellis*, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960); *Heflin v. United States*, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). However, even though relief would be unavailable under Section 2255 in the form of a motion to vacate sentence, the petition would be heard by the federal courts as a writ of coram nobis pursuant to 28 U.S.C., Sec. 1651. See *Wharton v. United States*, 348 F.Supp. 1026 (D.C.Ark. 1972), aff'd 470 F.2d 510 (8th Cir. 1972). The essential point is that there are at least two avenues by which the petitioner could properly obtain access to the federal courts. Since the petitioner is in state custody, we shall assume that he will seek relief pursuant to 28 U.S.C., Sec. 2254.

9. We do not have the complete record from the federal conviction before us. We therefore do not know whether a motion to dismiss the indictment was filed. However, Rule 12(b)(2), Federal Rules of Criminal Procedure, 18 U.S.C. Rule 12(b)(2), states:

"(b) Pretrial Motions. Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. * * The following must be raised prior to trial:

435 F.2d 153 (5th Cir. 1970); *Farmer v. Beto*, 421 F.2d 184 (5th Cir. 1969); *Rice v. United States*, 420 F.2d 863 (5th Cir. 1969). *Cf. Menna v. New York*, 423 U.S. 61, 62, n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); *Ex Parte Taylor*, 484 S.W.2d 748, 752 (Tex.Cr. App.1972). Where an offense is not alleged in an indictment, the indictment may be challenged at any time. *United States v. Trevino*, 491 F.2d 74 (5th Cir. 1974). An indictment that fails to allege each material element of an offense fails to allege that offense. *United States v. London*, 550 F.2d 206 (5th Cir. 1977). Thus, the omission of a material element of an offense is a jurisdictional defect susceptible to federal habeas corpus attack even though a plea of guilty was entered and no direct appeal was taken from the guilty plea. *United States v. London, supra* ; *Hayes v. United States, supra* ; *Bankston v. United States, supra.* We therefore conclude that the federal courts would probably grant relief to the petitioner.[10]

However, even though the petitioner's claim is facially meritorious and apparently he would be entitled to relief in the federal courts, we must still ascertain whether we should grant the requested relief. Two important considerations affect our decision that the petitioner's relief should be denied.

First, the indictment alleging a violation of 18 U.S.C., App. Section 1202(a) was filed on April 2, 1970. On June 11, 1970, the petitioner entered his plea of guilty. *United States v. Bass* was not decided until December 1971. Thus, we must ascertain whether the Supreme Court's opinion in *Bass* is to be applied retroactively to cases arising under 28 U.S.C., Section 2254, where the indictment and trial were prior to *Bass*, but the appeal, if any,[11] may have been before or after *Bass*.

In this connection, our research has revealed no cases involving a retroactive application to such a fact situation.[12] In both *United States v. Harris*, 456 F.2d 62 (8th Cir. 1972), and *Bryant v. United States*, 462 F.2d 433 (8th Cir. 1972), the Eighth Circuit reversed, on direct appeal, prosecutions un-

---

"(2) Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings); or . . . ."

The cases interpreting Rule 12(b)(2) have consistently held that a failure to file a Rule 12(b)(2) motion does not waive jurisdictional defects in an indictment. See *Bankston v. United States*, 433 F.2d 1294 (5th Cir. 1970); *Hayes v. United States*, 464 F.2d 1252 (5th Cir. 1972); *United States v. Willis*, 515 F.2d 798 (7th Cir. 1975); *United States v. Coppola*, 526 F.2d 764 (10th Cir. 1975). *Cf. Hagner v. United States*, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1931); *United States v. Trollinger*, 415 F.2d 527 (5th Cir. 1969); *Rosecrans v. United States*, 378 F.2d 561 (5th Cir. 1967).

Thus, our inability to view the entire record of the federal conviction will not affect our determination of whether the federal courts would grant relief pursuant to 28 U.S.C., Sec. 2254. This is so *even if* the appellant did not appeal the federal conviction and would be asserting his claim in the federal courts for the first time by his 2254 motion. *Cf. Hayes v. United States, supra.* But see note 10, *infra.*

10. We cannot ascertain whether the petitioner intentionally bypassed federal appellate procedures so as to possibly preclude federal relief under Sections 2254, 2255 or 1651. See note 11, *infra.* However, since *Bass* was subsequent to the indictment, the plea of guilty, and the orders placing the appellant on probation and revoking his probation, the petitioner may not have intentionally bypassed his federal appellate remedies with regard to his claim under *Bass.*

11. The appellant was placed on probation upon his plea of guilty. On April 7, 1971, his probation was revoked. See record in Cause No. 50,243. Since *Bass* was decided on December 20, 1971, it is conceivable that the appellant did not appeal either the original conviction or the revocation of probation. Moreover, the record in Cause No. 50,243 (see note 3, *supra* ), reflects that no *notice of appeal* was filed from the revocation proceeding of April 7, 1971. Thus, it is apparent that we are unable to even ascertain the exact sequence of events from the record.

12. The complete absence of appeals from cases asserting a *Bass*-type claim pursuant to Sections 1651, 2254 *or* 2255 may imply that all such claims have been granted in the District Courts. However, in the absence of authority, we do not attach any significance to this phenomenon.

der 18 U.S.C., App. Section 1202(a)(1), where the indictment omitted the phrase "in commerce or affecting commerce," and where the indictment and trial were held prior to *Bass*. However, these cases fail to answer the retroactivity question given the present uncertain factual setting.

In *Ex Parte Taylor*, 484 S.W.2d 748 (Tex. Cr.App. 1972), this Court dealt with the Supreme Court's decision in *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). *Leary* held that the Fifth Amendment was a complete defense to a prosecution under 26 U.S.C., Section 4744(a), and that a federal statutory presumption of knowledge of illegal importation of marihuana from possession violated due process. In *Taylor*, the defendant, by writ of habeas corpus, attacked a federal conviction which had been used for enhancement purposes in a state proceeding, and alleged that *Leary* invalidated the federal conviction. This Court held that the first portion of *Leary*—that the Fifth Amendment was a complete defense to a prosecution under 26 U.S.C., Section 4744(a) —was retroactive, and that the federal conviction used for enhancement was therefore void.

However, our decision in *Taylor* was based on the fact that numerous courts had considered whether *Leary* was retroactive, and that the majority of the courts which had considered the question had held *Leary* retroactive.[13] Moreover, *Leary* involved a question of constitutional law, not *federal* law.[14]

■■■ Thus, although "[s]tate courts, like federal courts, have a constitutional obliga- tion to safeguard personal liberties and to uphold federal law," *Stone v. Powell*, 428 U.S. 465, 493, n. 35, 96 S.Ct. 3037, 3051, 49 L.Ed.2d 1067 (1976), principles of comity persuade us that it would be inappropriate to *speculate* whether the federal courts would apply *Bass* retroactively to a case where the indictment and plea of guilty were prior to *Bass*, but the appeal, if any, may have been before or after *Bass*.

Second, we are convinced that principles of comity should dissuade us from permit- ting collateral attack of federal indictments used for enhancement purposes in a state proceeding, particularly when the collateral attack involves matters of federal law rath- er than constitutional law. Indeed, we have been unable to locate even one case where a state court, either on direct appeal or in a habeas corpus proceeding, has per- mitted collateral attack of a federal indict- ment, used for enhancement purposes, on the basis that the federal indictment failed to state an offense.[15] While this may be understandable in light of the availability of federal relief pursuant to 28 U.S.C., Sec- tion 1651 or 2254, we believe that the feder- al courts will have the facts necessary to answer all the questions of federal law nec- essary to an accurate determination of this matter.

Petitioner's requested relief is denied.

DAVIS, J., concurs in the results.

VOLLERS, J., not participating.

DOUGLAS, Judge, concurring.

I concur in the result reached in denying relief but for different reasons.

---

**13.** Moreover, at least one other state court had held *Leary* retroactive. See *In Re Johnson*, 3 Cal.3d 404, 90 Cal.Rptr. 569, 475 P.2d 841 (1970).

**14.** *Cf. Ex Parte Halford*, 536 S.W.2d 230 (Tex. Cr.App.1970), where this Court gave retroac- tive effect to the holding of *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

**15.** Of course, recidivist statutes authorizing en- hancement of punishment on the basis of prior convictions contemplate prior valid convic- tions. *Cf. Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Thus, some state courts will permit collateral attack of fed- eral convictions used for enhancement, but the attacks have uniformly been on the basis of a denial of a fundamental constitutional right. *Cf. Ex Parte Taylor, supra; In Re Johnson, supra.*

The State relied upon a conviction obtained under 18 U.S.C.A.App. Section 1202(a) to enhance petitioner's punishment to life. The dissent would grant petitioner relief on the basis that the indictment in that cause was fundamentally defective and that, as a result, the State failed to prove the prior federal conviction was valid.

It is not within the province of this Court to pass upon the validity of federal indictments. In essence, petitioner is collaterally attacking the validity of the federal conviction in the wrong forum. Since that conviction is final, and since neither the United States Fifth Circuit Court of Appeals nor any other federal court has declared the conviction invalid, we should give full faith and credit to the judgment of the federal district court and deny the relief sought.

Further, for reasons which follow, habeas corpus would be unavailable even in the federal courts to challenge the sufficiency of the indictment in question. That we have no authority to sanction this collateral attack upon the federal indictment in state court should be beyond dispute.

Section 1202(a) provides, in part:

"Any person who—

"(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who receives, possesses, or transports in commerce or affecting commerce . . . any firearm . . ." shall be punished as prescribed therein.

The indictment in Cause No. 70–B–122 states, in substance:

"Title 18, United States Code, Appendix Section 1202(a).

"That on or about February 7, 1970, in Brownsville, Cameron County, Texas, and in the Southern District of Texas, Alfredo Aguilar Garcia, Jr., defendant herein, being a person who had been convicted by a court of the State of Texas of a felony, did knowingly and unlawfully possess a firearm, to wit, a .32 caliber Harrington and Richardson revolver, model 732, serial number AF 16076, in violation of Title VII of the Omnibus Crime Control and Safe Streets Act of 1968 Public Law 90–351, as amended."

The authors of the plurality and dissenting opinions declare that the federal courts would probably grant petitioner relief under the authority of *United States v. Bass*, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). In that case, defendant was convicted of possessing firearms in violation of Section 1202(a)(1). The indictment did not allege and the government did not show that the firearms involved had been possessed "in commerce or affecting commerce."

On appeal, the government contended that Section 1202(a)(1) banned all possessions and receipts of firearms by convicted felons, and that no connection with interstate commerce had to be demonstrated in individual cases. The Court of Appeals rejected that contention and reversed.

The Supreme Court of the United States then construed the statute and determined that it was not clear from the language and legislative history of Section 1202(a)(1) whether or not receipt or possession of a firearm by a convicted felon has to be shown in an individual prosecution to have been connected with interstate commerce. Affirming the decision of the Court of Appeals, the Supreme Court reasoned that the ambiguity of the provision must be resolved in favor of the narrower reading that a nexus with interstate commerce must be shown with respect to all three offenses embraced by the provision. Otherwise, ". . . Sec. 1202(a) dramatically intrudes upon traditional state criminal jurisdiction." 404 U.S., at 350, 92 S.Ct., at 524, 30 L.Ed.2d, at 498. The Court, therefore, held that the government must prove a nexus with interstate commerce in each case prosecuted under Section 1202(a) but did *not* hold that an indictment which fails to allege that element was fatally defective.

Furthermore, in *Scarborough v. United States*, 431 U.S. 563, 97 S.Ct. 1963, 52

L.Ed.2d 582 (1977), the Supreme Court retreated from its decision in *Bass* as far as it possibly could without expressly overruling that decision. The Court in *Scarborough* held that proof that a firearm possessed by an accused traveled at some time in interstate commerce, even before the accused became a convicted felon, was sufficient to satisfy the statutorily required nexus between the possession of a firearm by a convicted felon and commerce.

Justice Marshall, who wrote the opinion in *Bass*, also wrote for the majority in *Scarborough* as follows:

"  .  .  .  Indeed, it was a close question in *Bass* whether § 1202(a) even required proof of any nexus at all in individual cases. The only reason we concluded it did was because it was not 'plainly and unmistakably' clear that it did not. 404 U.S., at 348, 92 S.Ct. 515, 30 L.Ed.2d 488. But there is no question that Congress intended no more than a minimal nexus requirement." 431 U.S., at 577, 97 S.Ct., at 1970–71, 52 L.Ed.2d, at 593.

*United States v. Fiorito*, 465 F.2d 431 (7th Cir. 1972), and *Bryant v. United States*, 462 F.2d 433 (8th Cir. 1972), were both decided prior to *Scarborough*. In this light, neither case is persuasive authority for the proposition that "in commerce or affecting commerce" is an essential element of Section 1202(a) that must be alleged as well as proven. Moreover, those cases are not on point because in each the sufficiency of the indictment was challenged on direct appeal and not by collateral attack.

In the federal courts, habeas corpus is available to challenge the validity or sufficiency of an indictment only in rare cases. *Knewel v. Egan*, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036 (1925); *Roth v. United States*, 295 F.2d 364 (8th Cir. 1961), cert. denied 368 U.S. 1004, 82 S.Ct. 639, 7 L.Ed.2d 543; *Via v. Perini*, 415 F.2d 1052 (6th Cir. 1969). The judgment must withstand a collateral attack if the indictment is sufficient to meet constitutional requirements. *Chavez v.*

*Baker*, 399 F.2d 943 (10th Cir. 1968), cert. denied 394 U.S. 950, 89 S.Ct. 1289, 22 L.Ed.2d 485; *Scalf v. Bennett*, 408 F.2d 325 (8th Cir. 1969), cert. denied 396 U.S. 887, 90 S.Ct. 175, 24 L.Ed.2d 161. Such requirements are met unless under no circumstances could a valid conviction result from facts provable under the indictment. *Johnson v. Beto*, 383 F.2d 197 (5th Cir. 1967), cert. denied 393 U.S. 868, 89 S.Ct. 153, 21 L.Ed.2d 136; *Murphy v. Beto*, 416 F.2d 98 (5th Cir. 1969).

Some courts have even held that the sufficiency of an indictment is not subject to collateral attack if it *apparently attempts* to state a federal crime. *Bush v. United States*, 347 F.2d 231 (6th Cir. 1965), cert. denied 382 U.S. 995, 86 S.Ct. 579, 15 L.Ed.2d 482; *Kreuter v. United States*, 201 F.2d 33 (10th Cir. 1952). It is beyond dispute that the indictment in the present case meets this test.

Furthermore, this indictment made reference to the official citation of the statute. Such citation provided a means by which petitioner could inform himself of the elements of the offense and hence the indictment is not constitutionally defective under any test. *United States v. Roberts*, 296 F.2d 198 (4th Cir. 1961); *Downing v. United States*, 348 F.2d 594 (5th Cir. 1965); *Gearing v. United States*, 432 F.2d 1038 (5th Cir. 1970).

Whether or not the indictment could have been successfully challenged on direct appeal from the federal conviction, it would not be subject to collateral attack in the federal courts. That the writ of habeas corpus cannot properly be invoked in state court to test the sufficiency of the federal indictment should require no discussion.

Petitioner was convicted of an offense defined by a federal statute of which the United States District Court for the Southern District of Texas had jurisdiction. The indictment charged an offense under such statute and the district court acquired jurisdiction over petitioner's person. The conviction is presumptively valid unless and

until a federal court declares it invalid. This Court has no authority to pass upon the sufficiency of the federal indictment. We should leave federal litigation to the federal courts.

DALLY, J., joins in this concurrence.

PHILLIPS, Judge, dissenting.

The majority recognizes that under federal law "in commerce or affecting commerce" is an essential element to an offense under 18 U.S.C.A.App., Sec. 1202(a). Federal indictments which fail to allege this element are fundamentally defective. As stated in *U. S. v. Fiorito*, 465 F.2d 431, 432 (7th Cir. 1972):

"... The United States Supreme Court construed this statute and in *United States v. Bass*, 1971, 404 U.S. 336, 350, 92 S.Ct. 515, 30 L.Ed.2d 488, held ... that possession of a firearm 'in commerce or affecting commerce' is an element of the offense of possession by a felon, as well as of the offense of transport by a felon.

As the indictment fails to state an offense, it must be dismissed."

The indictment in the instant case failed to allege possession of a firearm "in commerce or affecting commerce". Having failed to allege an essential element of the offense, the indictment is fundamentally defective. *Bass v. U. S., supra* ; *Bryant v. U. S.*, 462 F.2d 433 (8th Cir. 1972).

As recognized by the majority, void indictments similar to the one in this case are jurisdictional and susceptible to federal habeas corpus attack. *U. S. v. London*, 550 F.2d 206 (5th Cir. 1977); *Hayes v. U. S.*, 464 F.2d 1252 (5th Cir. 1972). As far as the retroactive application of the *Bass* decision, the majority recognizes that *Bass* has been applied retroactively on direct appeal. *U. S. v. Harris*, 456 F.2d 62 (8th Cir. 1972); *Bryant v. U. S., supra*. It seems axiomatic that, having applied *Bass* retroactively and having held such *jurisdictional* problems subject to federal habeas corpus attack, the federal courts would grant relief. *U. S. v.*

*London, supra* ; *U. S. v. Harris, supra*. The only consideration remaining for this Court is the application of our enhancement statute to the facts of this case.

In recidivist cases, the prosecution must prove valid prior convictions in order to bring the case within our enhancement statute. V.T.C.A., Penal Code, Sec. 12.-42(d). The right of the State to convict an accused under our statute and impose sentence thereunder is dependent upon the ability to prove that there were constitutionally valid prior convictions. An indictment is admissible into evidence as part of the proof to show that the court which rendered the judgment of prior conviction had jurisdiction. In the instant case the prosecution failed to meet this burden of proof. The federal indictment is void on its face.

It is well settled that enhancement statutes must be strictly construed. *Tyra v. State*, Tex.Cr.App., 534 S.W.2d 695; *Juarez v. State*, Tex.Cr.App., 496 S.W.2d 638; *Alvarez v. State*, Tex.Cr.App., 472 S.W.2d 762. This Court has consistently held that a void prior conviction is subject to collateral attack and unavailable for enhancement purposes. *Ex parte Rogers*, Tex.Cr.App., 519 S.W.2d 861; *Ex parte Lopez*, Tex.Cr.App., 491 S.W.2d 420; *Ex parte Roberts*, Tex.Cr. App., 522 S.W.2d 461; *Ex parte Banks*, Tex.Cr.App., 542 S.W.2d 183. Therefore, although federal decisions as to the substantive question of what are the essential elements of a given offense are decisive as to whether a federal indictment alleges the elements of a federal offense, a further examination of federal law is unnecessary in order for this Court to apply the law of this State. Under Sec. 12.42(d), a prior conviction which fails to allege the essential elements of an offense is void and cannot be used for enhancement purposes in Texas. The prior federal conviction is void and should not have been used for enhancement purposes in the instant case.

For the reasons stated, relief should be granted, and I respectfully dissent.

ONION, P. J., joins.